2007 WY 25

**Joseph Bland PHILLIPS, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 05–240.

Supreme Court of Wyoming.

Feb. 13, 2007.

Representing Appellant: Kenneth M. Koski, State Public Defender; and Donna D. Domonkos, Appellate Counsel. Argument by Ms. Domonkos.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Mackenzie Williams, Student Intern. Argument by Mr. Williams.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

VOIGT, Chief Justice.

[¶1] A jury found the appellant guilty of third-degree sexual assault and interference with a peace officer. The appellant seeks reversal of the judgment and sentence entered thereafter, on two grounds: one, that the prosecutor committed misconduct during closing argument; and two, that the jury was improperly instructed on the law.

[¶2] We affirm.

## ISSUES

[¶3] 1. Did the prosecutor commit misconduct by referring to the appellant as a pedophile during rebuttal closing argument?

2. Did the district court err in instructing the jury as to a statutory defense to a crime that was not charged?

## FACTS

[¶4] The appellant befriended the victim and her mother in 1997, when the victim was nine years old. Over time, he allowed the victim to ride his horses, hired her to work in his automotive repair shop, and regularly gave her gifts, including a horse, tack, and a truck. The relationship between the appellant and the victim began to change, however, when she reached the age of fifteen. The appellant began to get "pushy," forcing the victim to accompany him whenever he wished. He became angry and jealous if she spent time with her friends.

[¶5] On November 29, 2003, the appellant and the victim went to a friend's house to feed horses. At some point after feeding the horses, the appellant and the victim had sexual intercourse. She testified that the sexual act was not consensual, and that the appellant had forcibly stripped off her clothes and held her down. He testified, to the contrary, that she voluntarily stepped into the shower with him and that the intercourse was consensual. At the time, he was sixty-two and she was fifteen.

[¶6] The incident caused the victim to become pregnant, which fact became known to the appellant. On June 21, 2004, while the victim was again accompanying the appellant to feed horses, her water broke. The appellant took her to the hospital, where he filled out admission paperwork claiming that she was thirteen months older than her actual age, and claiming to be her father. The victim gave birth to a daughter. Upon the victim's release from the hospital, the appellant took her to a friend's house, and lied to her mother and the police about her whereabouts. Three days later, police officers happened to chance upon the victim at the appellant's business. They returned her to her mother.

[¶7] Through an Amended Information, the appellant eventually was charged with three crimes: (1) third-degree sexual assault, a felony;[1] (2) interference with custody, a felony;[2] and (3) interference with a peace officer, a misdemeanor.[3] The jury found him guilty of the first and third counts, but not the second.

## DISCUSSION

*Did the prosecutor commit misconduct by referring to the appellant as a pedophile during rebuttal closing argument?*

▮ [¶8] The prosecutor's statement at issue was made during the State's rebuttal

---

1. Wyo. Stat. Ann. § 6-2-304 (LexisNexis 2005) provides in pertinent part as follows:
   (a) An actor commits sexual assault in the third degree if, under circumstances not constituting sexual assault in the first or second degree:
   (i) The actor is at least four (4) years older than the victim and inflicts sexual intrusion on a victim under the age of sixteen (16) years[.]
2. Wyo. Stat. Ann. § 6-2-204 (LexisNexis 2005) provides in pertinent part as follows:
   (a) A person is guilty of interference with custody if, having no privilege to do so, he knowingly:

(ii) Fails or refuses to return a minor to the person entitled to custody.

3. Wyo. Stat. Ann. § 6-5-204 (LexisNexis 2005) provides in pertinent part as follows:
   (a) A person commits a misdemeanor punishable by imprisonment for not more than one (1) year, a fine of not more than one thousand dollars ($1,000.00), or both, if he knowingly obstructs, impedes or interferes with or resists arrest by a peace officer while engaged in the lawful performance of his official duties.

closing argument, and the statement was followed by an objection, so we apply the following standard of review:

> Where there has been an objection below, claims of prosecutorial misconduct are reviewed under a harmless error standard:
>
> > Wyoming Rule of Appellate Procedure 9.04 states that "any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded by the reviewing court." Wyoming Rule of Criminal Procedure 52(a) and Wyoming Rule of Evidence 103(a) contain similar provisions. The test for harmless error is as follows:
> >
> > > "An error is harmful if there is a reasonable possibility that the verdict might have been more favorable to the defendant if the error had never occurred. To demonstrate harmful error, the defendant must show prejudice under 'circumstances which manifest inherent unfairness and injustice or conduct which offends the public sense of fair play.'"
> >
> > *Condra v. State,* 2004 WY 131, ¶ 7, 100 P.3d 386, 389 (Wyo.2004) (*quoting Dysthe v. State,* 2003 WY 20, ¶ 10, 63 P.3d 875, 881 (Wyo.2003)). . . .
>
> We decide claims of prosecutorial misconduct by reference to the entire record, and where the claim is one of improper argument, we consider it in the context of the entire argument. *Law [v. State ],* 2004 WY 111, ¶ 12, 98 P.3d [181,] 191 [ (Wyo. 2004) ]. . . . The question is whether, "based on the entire record, a reasonable possibility exists that, in the absence of the error, the verdict might have been more favorable to the accused." *Lopez v. State,* 2004 WY 103, ¶ 56, 98 P.3d 143, 157 (Wyo. 2004). "The burden of establishing prosecutorial misconduct rests upon the appellant who raises the issue." *Lancaster v. State,* 2002 WY 45, ¶ 32, 43 P.3d 80, 94 (Wyo.2002).

*Butcher v. State,* 2005 WY 146, ¶¶ 38–39, 123 P.3d 543, 554 (Wyo.2005).

[¶ 9] This standard of review requires us to consider the challenged statement in the context of the entire closing argument, and also in the context of the entire trial. In his opening statement, the prosecutor described how the appellant met the victim and her mother, how the friendly relationship developed over time, and how the appellant frequently gave gifts to the victim. He did not suggest that the relationship was that of a pedophile grooming a victim. In his initial closing argument, he did make the following statements:

> I think you all know that the defendant knew exactly what he was doing all along. He manipulated [the victim] into a position where he could have sex with her, and then he manipulated her into remaining quiet.

Defense counsel made no objection to these comments, choosing instead to respond to them in his own closing argument as follows:

> The way the State has this made up, though, it's like from the day that she was 9 years old, he's been heaping all these presents on her, so that he could commit— according to her, at least—a forcible rape at the age of 15. They asked you to listen to the facts and see if that makes sense.

[¶ 10] In his rebuttal closing, the prosecutor responded, in turn, with the following:

> The defense argued that Joe Phillips— that in order to convict the defendant—you are going to have to believe that Joe Phillips had this sinister plan beginning at age 8, to shower [the victim] with presents and then employ [her], give her all his trust and responsibility, and that he fostered this relationship to the point where he could have sex with her at some point down the road.
>
> I don't think you have to believe that in order to convict the defendant. But I think that's exactly what happened. It's called "grooming." And that's what pedophiles do.

[¶ 11] The bases for defense counsel's objection were that there had been no evidence admitted that the appellant was a pedophile, and that the prosecutor's statement was "simply inflammatory." The objection was overruled. We can readily conclude that the appellant is correct and that his objection should have been sustained. There was no such evidence presented to the jury, and the prosecutor's statements amounted to nothing

less than his own testimony, which is forbidden. *Lafond v. State,* 2004 WY 51, ¶ 35, 89 P.3d 324, 336 (Wyo.2004). Furthermore, calling the appellant a pedophile was certainly inflammatory, which is also forbidden. *Dysthe v. State,* 2003 WY 20, ¶ 24, 63 P.3d 875, 884–84 (Wyo.2003).

[¶ 12] We cannot say, however, that the prosecutor's use of the word "pedophile" produced material prejudice to the appellant; that is, that the verdict might have been more favorable to the appellant had that single word not been uttered. It was not error for the prosecutor to describe the appellant's conduct with the victim as "manipulative" or "grooming," because those conclusions were reasonable inferences that could be drawn from the evidence that was presented. Inasmuch as the appellant admitted having sexual intercourse with the victim on the date alleged, the only real issue regarding the third-degree sexual assault charge was whether he knew her age at the time. With all of the testimony about that question throughout the trial, it is extremely doubtful that the use of this one irrelevant word affected the outcome.

### Did the district court err in instructing the jury as to a statutory defense to a crime that was not charged?

[¶ 13] The appellant was charged with third-degree sexual assault, in violation of Wyo. Stat. Ann. § 6–2–304(a)(i), which statute is set forth in detail in footnote 1 herein. As part of its pretrial submissions, the State proffered a jury instruction based upon WPJIC 10.303 (1978), a pattern instruction that exists today as WPJIC 23.10 (2004). The proffered instruction read as follows:

It is no defense *to a charge of soliciting, procuring or knowingly encouraging a person under the age of sixteen (16) years to engage in illicit sexual relations intrusion* that the person under sixteen (16) years of age consented to engage in sexual relations.

(Emphasis added.) The instruction was given to the jury, over defense counsel's objection, that it was not directed toward the elements of the crime with which the appellant was charged.

[¶ 14] Defense counsel was right. The pattern instruction was derived from, and is a defense to the crime defined in, Wyo. Stat. Ann. § 14–3–104 (LexisNexis 2005), which reads as follows:

Except under circumstances constituting sexual assault in the first, second or third degree as defined by W.S. 6–2–302 through 6–2–304, anyone who has reached the age of majority and who solicits, procures or knowingly encourages anyone under the age of sixteen (16) years or a person purported to be under the age of sixteen (16) years to engage in illicit sexual penetration or sexual intrusion as defined in W.S. 6–2–301 or knowingly causes or encourages any person to solicit, procure or encourage a person under the age of sixteen (16) years or a person purported to be under the age of sixteen (16) years to commit any illicit sexual penetration or sexual intrusion as defined in W.S. 6–2–301 is guilty of a felony, and upon conviction shall be imprisoned for a term of not more than five (5) years.

[¶ 15] This instruction should not have been given to the jury, primarily because it has nothing to do with the charged crime. The district court's reason for overruling the objection was that "the defendant's testimony was that this encounter with [the victim] and the shower was consensual on her part." The elements instruction, however, already informed the jury that the alleged crime consisted of inflicting sexual intrusion upon a person under the age of sixteen years, and the court also gave the appellant's proffered affirmative defense instruction, which read as follows:

It is an affirmative defense to Sexual Assault in the Third Degree that the Defendant reasonably believed that the victim was sixteen (16) years of age or older. If you find, from consideration of all the evidence, that the Defendant, Joseph Bland Phillips, reasonably believed that the victim, [ ], was sixteen (16) years of age, or older, at the time of the offense, then you must find the Defendant not guilty of Sexual Assault in the Third Degree.

That instruction, which correctly states the law, is based upon Wyo. Stat. Ann. § 6–2–308(a) (LexisNexis 2005), and it does apply to third-degree sexual assault.

[¶ 16] We conclude that, when all of the instructions are considered together, the appellant cannot show that he was prejudiced. Three basic and necessary principles of law were imparted to the jury: (1) the elements of the charged crime—third-degree sexual assault—had to be proved beyond a reasonable doubt; (2) consent of a victim under the age of sixteen is not a defense; but (3) a reasonable belief that the victim is sixteen or older is a defense. While facts concerning consent were presented to the jury by both sides, the case did not turn on that question. Rather, the case turned upon the question of whether the appellant reasonably believed the victim was sixteen years old. Furthermore, a correct instruction that consent is no defense could have been, and should have been, given. Under all these circumstances, we cannot conclude that the appellant was prejudiced by the mis-worded but fundamentally correct instruction that was given. The instruction was not so misleading that it likely confused the jury.

## CONCLUSION

[¶ 17] Neither the singular occurrence of prosecutorial misconduct in rebuttal closing argument, nor the instructional error prejudiced a material right of the appellant, and he was not denied his right to a fair trial.

[¶ 18] Affirmed.