BOOMGAARDEN, Justice.
*658 [¶ 1] Appellant, Angel Elisabeth King, seeks reversal of her felony conviction following a jury trial for one count of sexual exploitation of a child-possession of child pornography. She contends the prosecutor committed misconduct in rebuttal closing argument by making arguments not supported by the evidence. We affirm.
ISSUE
[¶ 2] Ms. King raises a single issue on appeal, which we restate as follows: Did the prosecutor commit misconduct during closing argument by arguing a theory of the case not supported by the evidence?
FACTS
[¶ 3] A jury convicted Ms. King of one count of sexual exploitation of a child-possession of child pornography, in violation of Wyo. Stat. Ann. § 6-4-303(b)(iv) and (d) (Lexis Nexis 2017). She was acquitted of two counts of accessory before the fact for aiding and abetting in her boyfriend Clinton Woods' second-degree sexual abuse of her minor daughter, D.O.[1] Ms. King was sentenced to three to five years of incarceration, suspended in favor of five years of supervised probation.
[¶ 4] At trial, the State introduced evidence of sexual encounters D.O. had with Mr. Woods and two photographs of D.O.'s nude body found on Ms. King's phone. Specific to Ms. King's conviction, D.O. testified that just prior to her fourteenth birthday, on the way home from a trip to Fort Collins, Ms. King asked D.O. to take nude photographs of herself on Ms. King's phone for Mr. Woods. D.O. eventually complied with Ms. King's request and testified she had never used Ms. King's phone beyond that one occasion. D.O. was not aware of any software on her own phone that would have allowed her to share photographs taken on her phone with Ms. King's phone. D.O. also testified the photographs she took with her own phone were stored on the phone itself.
[¶ 5] The State also presented the testimony of Detective Chris Girany, who conducted the digital search of Ms. King's phone. Detective Girany testified the phone he searched was activated on August 24, 2014, and the nude photographs of D.O. were taken on a different phone on December 21, 2013. Detective Girany explained, the photographs at issue were stored in the Google "Picasa" photo album application, which backed up the photographs on a separate cloud server. He stated the cloud storage for the Picasa photo album was associated with an email account matching King's. When the phone he searched was initialized, the process would have included inputting the email account information to access the backed-up photographs, which were uploaded to the cloud from another phone logged in under the same account.
[¶ 6] Ms. King testified she used the same email account for her phone and her children's phones, including D.O.'s. She admitted she periodically reviewed the photographs in her electronic photo album, but denied she gave D.O. her phone and asked D.O. to take the pictures. Ms. King denied any knowledge the nude photos of D.O. existed.
[¶ 7] With regard to the two counts of aiding and abetting the second-degree sexual abuse of a minor, the charges for which Ms. King was ultimately acquitted, D.O. testified that, between December 2013 and August 2014, Ms. King asked D.O. to join in Ms. King's and Mr. Woods' sexual relationship on *659 at least three occasions. On redirect examination, D.O. clarified that on the trip back from Fort Collins in December 2013, when Ms. King had first suggested that D.O. join in her sexual relationship with Mr. Woods, D.O. and Ms. King had discussed D.O.'s sexual encounters with D.O.'s boyfriend at the time. D.O. testified that during that discussion Ms. King "made up the point that since I wasn't a virgin anymore, that it shouldn't-I shouldn't have to worry about being with [Woods], because being with [Woods] I would be safe and protected, and I wouldn't have to worry about being hurt or outside." D.O. also testified her first sexual encounter with her boyfriend at the time occurred outside on the roof of a building.
[¶ 8] The prosecutor argued in closing, Ms. King possessed the nude photographs both by storage on the cloud server and the actual presence of the picture on Ms. King's old phone and new phone. The prosecutor asked the jury to examine D.O.'s testimony concerning Ms. King's request that D.O. take the photographs using Ms. King's old phone to find Ms. King knowingly possessed the photographs. The prosecutor urged the jury to rely on D.O.'s description of her sexual encounters with Mr. Woods in reaching its decision on the two counts of aiding and abetting the second-degree sexual abuse of a minor.
[¶ 9] In his closing argument, defense counsel generally argued D.O. was not a credible witness and that D.O.'s testimony Ms. King had encouraged the sexual encounters with Mr. Woods were antithetical to Ms. King's testimony that, as a victim of sexual abuse herself, she was fiercely protective of D.O. Specific to the sexual exploitation charge, defense counsel argued, based on Detective Girany's testimony, there was at most a fifty percent chance the nude photographs of D.O. originated from Ms. King's old phone and the mere fact the pictures were downloaded onto her new phone from the cloud did not satisfy the "knowingly" element of the charge. He asked the jury to remember that Ms. King testified she never saw the photographs and would have "freaked out" had she seen them.
[¶ 10] In rebuttal closing, after addressing the alleged inconsistencies in both D.O.'s and Ms. King's testimony, and without referring to any specific charges against Ms. King, the prosecutor explained the State's theory:
There is this idea that the State has a theory. Well, we haven't really heard what that theory is, have we? So here is the State's theory folks.
Back in the fall of 2013 D.O. revealed to her mother that she was having sex with C.S. [D.O.'s boyfriend], one-time, other sexual activity with him but not sexual intercourse. They got into a fight. There were subsequent fights.
She wanted her belly button pierced for her 14th birthday, and so they traveled down to Fort Collins on December 21 to have that done. And there is photographic evidence documenting that trip. And the photographs, the EXIF data, documents the time of that trip. Fairly closely to what D.O. told you she recalled that-how she recalled it happening.
During the trip back, there was another fight, this time between-over the fact that-well, there were a couple different versions. Whether or not it was that D.O. was wanting to have her mom take the young kids and go away so she could have sex with her boyfriend-that's within the affidavit-or whether or not she had had sex already and was telling her mother, or whether or not it was that her mother wanted her to have sex with Mr. King. [sic]
Now a protective mother wants to protect her daughter, but she knows that her daughter is having sex. She doesn't like it. She wants to make it safe. Maybe she knows that her daughter is going to continue doing it. So she suggests that her daughter joins her with her boyfriend because that will be safe.
At that point during the prosecutor's remarks, defense counsel objected to this argument, asserting there was no testimony to support it. Defense counsel stated, "I understand that he's explaining a theory. But I don't think there was any testimony about making it safe. So I guess these are facts not in evidence." In response to the objection, the district court informed the jury that *660 statements of attorneys are not evidence and jurors are to rely on their collective recollection of the evidence.
STANDARD OF REVIEW
[¶ 11] Where, as here, defense counsel has raised a prosecutorial misconduct objection at trial, we apply a harmless error standard of review. Gonzalez-Ochoa v. State , 2014 WY 14, ¶ 15, 317 P.3d 599, 604 (Wyo. 2014). However, before we consider whether the error was harmless, we must first find there was an error. Id . ¶ 15, 317 P.3d at 604 (citing Hughes v. State , 658 P.2d 1294, 1296 (Wyo. 1983) ). Where the prosecutorial misconduct claim is one of improper argument, we are required to consider the challenged statement in the context of the entire closing argument. Bustos v. State , 2008 WY 37, ¶ 9, 180 P.3d 904, 907 (Wyo. 2008) ; see also Phillips v. State , 2007 WY 25, ¶¶ 8-9, 151 P.3d 1131, 1134 (Wyo. 2007). Error occurs if, during closing argument, the prosecutor intentionally misstates the evidence. No error occurs if the prosecutor argues reasonable inferences from the evidence presented. Bustos , ¶¶ 9-10, 180 P.3d at 907-08.
DISCUSSION
[¶ 12] The State argues Ms. King's issue on appeal is moot, because the prosecutor's allegedly improper closing argument related only to the State's theory on the two charges of aiding and abetting second-degree abuse of a minor and because the jury acquitted Ms. King of those two charges. Considering the challenged statements in the context of the prosecution's entire closing argument, the record does not support the State's assertion that the challenged statements related only to the State's theory on the two charges of aiding and abetting second-degree abuse of a minor. The prosecution's initial closing argument outlined the State's evidence as to the elements of each of the counts for which Ms. King had been charged. In contrast, at the beginning of the prosecution's rebuttal closing argument, the prosecutor focused on D.O.'s and Ms. King's credibility and confirmed it is the jury's job to determine the credibility of all of the witnesses. After addressing alleged inconsistencies in both D.O.'s and Ms. King's testimony, the prosecutor explained the "State's theory" for the first time. The prosecutor then proceeded to summarize the State's evidence regarding the alleged sexual activity between D.O. and Mr. Woods, the evidence regarding the nude photographs of D.O., and the relative weight of the evidence presented to the jury, without further attributing the "State's theory" to any particular charge or line of evidence. Reviewing the challenged statements regarding the "State's theory" in the context of the prosecutor's initial and rebuttal closing arguments, we reject the State's suggestion that the challenged statements related only to charges from which Ms. King was acquitted. Accordingly, we will not disregard Ms. King's appeal as moot.
[¶ 13] Proceeding to the merits of Ms. King's prosecutorial misconduct claim, as noted above, on redirect examination, D.O. recounted the rancorous discussion she had with Ms. King on a trip back from Fort Collins in December 2013. D.O. testified during that discussion, Ms. King "made up the point that since I wasn't a virgin anymore, that it shouldn't-I shouldn't have to worry about being with [Woods], because being with [Woods] I would be safe and protected, and I wouldn't have to worry about being hurt or outside." D.O. also testified that her first sexual encounter with her boyfriend at the time occurred outside on the roof of a building. During the rebuttal closing argument, the prosecutor recounted the photographic evidence documenting the trip D.O. and Ms. King took to Fort Collins just prior to D.O.'s fourteenth birthday and the verbal fight between D.O. and Ms. King on the way home from that trip. It was within this context that the prosecutor explained the "State's theory" for the first time, stating:
Now a protective mother wants to protect her daughter, but she knows that her daughter is having sex. She doesn't like it. She wants to make it safe. Maybe she knows that her daughter is going to continue doing it. So she suggests that her daughter joins her with her boyfriend because that will be safe.
*661 [¶ 14] Defense counsel immediately objected to this statement on grounds there was no testimony in evidence to support these statements. The district court neither sustained nor overruled the objection; instead, the district court reminded the jury that statements of attorneys are not evidence and jurors are to rely on their collective recollection of the evidence.
CONCLUSION
[¶ 15] We conclude the prosecutor's statements concerning the "State's theory" during rebuttal closing argument are supported by and can be directly discerned from D.O.'s testimony that Ms. King "made up the point that since I wasn't a virgin anymore, that it shouldn't-I shouldn't have to worry about being with [Woods], because being with [Woods] I would be safe and protected, and I wouldn't have to worry about being hurt or outside." The record gives no indication that the prosecutor intentionally misstated the evidence or argued an unreasonable inference from D.O.'s testimony. The prosecutor did not commit misconduct as Ms. King claims and it was appropriately left for the jury to rely on its collective recollection of the evidence. We therefore affirm Ms. King's conviction of sexual exploitation of a child-possession of child pornography, in violation of Wyo. Stat. Ann. § 6-4-303(b)(iv) and (d).

This Court affirmed Mr. Woods' convictions for second and third degree sexual abuse of D.O. in Woods v. State , 2017 WY 111, 401 P.3d 962 (Wyo. 2017). Additional facts related to this case are set forth in that opinion.