2010 WY 123

**Stanley BUDDER, Jr., Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. S–09–0241.

Supreme Court of Wyoming.

Aug. 31, 2010.

Representing Appellant: Diane M. Lozano, State Public Defender; Tina N. Kerin, Appellate Counsel; Eric M. Alden, Senior Assistant Appellate Counsel, State Public Defender Program.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Christyne M. Martens, Student Intern, Prosecution Assistance Clinical Program.

Before KITE, C.J., and GOLDEN, HILL, VOIGT,* and BURKE, JJ.

GOLDEN, Justice.

[¶1] Stanley Budder, Jr. (Budder) was convicted of burglary in violation of Wyo. Stat. Ann. § 6–3–301 (LexisNexis 2009)[1] and wrongful taking or disposing of property in violation of Wyo. Stat. Ann. § 6–3–403 (LexisNexis 2009).[2] On appeal, he challenges a jury instruction he argues relieved the State of proving all elements of the crimes charged beyond a reasonable doubt. We affirm.

## ISSUE

[¶2] Budder presents one issue for our review:

Did the court improperly instruct the jury as to the burden shift required when excusing possession of recently stolen property when the defense theory was to deny possession rather than attempting to explain it?

## FACTS

[¶3] The Crazy Woman Saloon in Dayton, Wyoming, was burglarized on October 20, 2008. Over $3,000 in cash was taken in the burglary. The money, sorted by denomination and bundled in $100 increments, was contained in a gallon size zip-lock bag. About one week after the burglary, an indi-

---

* Chief Justice at time of expedited conference

1. Wyo. Stat. Ann. § 6–3–301 states, in relevant part:

    (a) A person is guilty of burglary if, without authority, he enters or remains in a building, occupied structure or vehicle, or separately secured or occupied portion thereof, with intent to commit larceny or a felony therein.

2. Wyo. Stat. Ann. § 6–3–403 states, in relevant part:

    (a) A person who buys, receives, conceals or disposes of property which he knows, believes or has reasonable cause to believe was obtained in violation of law is guilty of:

    (i) A felony punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both, if the value of the property is one thousand dollars ($1,000.00) or more[.]

vidual named Tony Fox returned approximately $1,600 cash to the Crazy Woman Saloon. The money was sorted, bundled and contained in a gallon size zip-lock bag.

[¶ 4] Fox testified he had gotten the money from Budder. Fox explained Budder had come to his residence the night before he returned the money and the two of them drank and watched movies. During the course of the evening, Budder produced the money-filled zip-lock bag and placed it on a coffee table. When Fox questioned Budder about the money, Budder gave no answer. Budder then made a statement to the effect that he would have to hurt Fox because Fox now knew too much. Fox got nervous and waited for Budder to fall asleep. He then took the money from Budder and left his residence. Believing the money to be a portion of the money stolen from the Crazy Woman Saloon, Fox returned the money there.

[¶ 5] Further investigation revealed Budder was at the Crazy Woman Saloon until closing time the night of the robbery; Budder knew where and how the money was kept at the Crazy Woman Saloon; Budder had no alibi for the time of the robbery; Budder was burdened with various debts at the time of the robbery; and Budder did not have steady employment at the time of the robbery.

[¶ 6] Budder consistently denied ever possessing the money. Budder, in his appellate brief, summarizes the general flavor of the trial proceedings:

The prosecution theory was that Mr. Budder had sole possession and that Mr. Fox was a fine, civic-minded hero who stole the money from Budder in order to eventually, after much soul-searching, return it to its rightful owner. The defense theory was that Mr. Fox always had exclusive possession of the money and only after being observed by Mr. Budder with the ill-gotten loot, did he attempt to throw off suspicion by returning the remaining money and blaming Mr. Budder.

After a three-day trial, a jury convicted Budder of both burglary and wrongful taking or disposing of property.

## DISCUSSION

### Standard of Review

[¶ 7] We review alleged errors in formulating jury instructions for an abuse of discretion.[3] Trial courts are afforded substantial latitude to tailor the instructions to the facts of the case. A trial court does not abuse its discretion by referring the jury to instructions that, when viewed as a whole and in the context of the entire trial, fairly and adequately cover the issues. *Garza v. State,* 2010 WY 64, ¶ 19, 231 P.3d 884, 890 (Wyo.2010); *Luedtke v. State,* 2005 WY 98, ¶ 28, 117 P.3d 1227, 1232 (Wyo.2005); *Coburn v. State,* 2001 WY 30, ¶ 9, 20 P.3d 518, 520 (Wyo.2001); *Merchant v. State,* 4 P.3d 184, 190 (Wyo.2000); *Ellison v. State,* 3 P.3d 845, 849 (Wyo.2000); *Harris v. State,* 933 P.2d 1114, 1126 (Wyo.1997).

### Jury Instruction

[¶ 8] Budder challenges the following jury instruction:

Possession of recently stolen property is not of itself sufficient to permit a finding that the Defendant is guilty of the crimes here charged. However, possession of recently stolen property, if not satisfactorily explained is ordinarily a circumstance from which the jury may reasonably draw the inference and find, in the light of surrounding circumstances shown by the evidence in the case, that the person in possession knew the property had been stolen, and is also a circumstance from which the jury may reasonably draw the inference that the person in possession not only knew it was stolen property, but also participated in some way in the theft of the property.

However, you are never required to make this inference. It is the exclusive province of the jury to determine whether the facts and circumstances shown by the

3. The State suggests Budder did not adequately object to the challenged jury instruction at trial and our review should be limited to a review for plain error. While the objection was dangerously casual, under the circumstances of this case we will accept the issue as preserved for our review.

evidence in this case warrant any inference which the law permits the jury to draw from the possession of stolen property.

Although possession is a strong circumstance tending to show guilt, there must be corroborative evidence tending to prove Defendant's guilt of each charge. However, this corroborative evidence need only be slight and may include: whether the Defendant had the opportunity to commit the crime charged, his conduct, his false or contradictory statements, if any, or other statements he may have made with respect to the property and any other evidence which tends to connect him with the crime.

If you find beyond a reasonable doubt from the evidence that the property was stolen and that, while recently stolen, the property was in the possession of the Defendant, you may, from those facts, draw the inference that the property was possessed by the Defendant with knowledge that it was stolen, but also that the Defendant participated in some way in the theft, unless such possession by the Defendant is explained to the satisfaction of the jury by other facts and circumstances in evidence of the case.

In considering whether possession of recently stolen property has been satisfactorily explained, you are reminded that in the exercise of constitutional rights the accused need not take the witness stand and testify.

Possession may be satisfactorily explained through other circumstances, other evidence, independent of any testimony of the accused.

### Propriety of Instruction

■ [¶ 9] This instruction is virtually identical to an instruction approved by this Court in *Vanvorst v. State*, 1 P.3d 1223, 1230–31 (Wyo.2000). Budder accepts that the instruction reflects a correct statement of law in cases, such as *Vanvorst*, where the defendant is caught in actual possession of recently stolen property.[4] Budder argues, however, the instruction is nonsensical when applied to his case because of his denial of possession of the recently stolen cash. We

do not agree that the distinction being pressed by Budder is critical to a determination of the applicability of this instruction.

■ [¶ 10] A trial court's instructions to a jury are to be written with the particular facts and legal theories of each case in mind. *Montez v. State*, 2009 WY 17, ¶ 21, 201 P.3d 434, 441 (Wyo.2009); *Janpol v. State*, 2008 WY 21, ¶ 7, 178 P.3d 396, 400 (Wyo.2008). Thus, the applicability of an instruction hinges, in part, on whether the instruction is supported by an appropriate evidentiary basis. The instruction at issue requires the jury to find "beyond a reasonable doubt from the evidence that the property was stolen and that, while recently stolen, the property was in the possession of the Defendant." Budder's argument seemingly posits a jury cannot make this determination unless a defendant is caught by law enforcement in actual possession of recently stolen property. This is obviously false. In this case, the State's evidence against Budder included the testimony of Fox and other corroborating and circumstantial evidence. The evidence presented sufficed to support the giving of this instruction to the jury.

■ [¶ 11] In a corresponding argument, Budder claims it was improper for the trial court to give the instruction because there was no rational connection between the evidence and the inference. We agree there must be a rational connection between an inferred fact and proven facts. For it to be proper to give an instruction on an inference, it must be shown that it is more likely than not that the inferred fact flows from the proven fact on which it is made to depend. *Barnes v. United States*, 412 U.S. 837, 842, 93 S.Ct. 2357, 2361, 37 L.Ed.2d 380 (1973). The inquiry is case specific. The inference must be "one common sense justifies in light of the established facts of the case." *Harley v. State*, 737 P.2d 750, 755 (Wyo.1987). Budder again, however, ignores the State's evidence. Instead, he argues there was no rational connection between his being *accused* of possession of the stolen cash and his being involved in the theft. The proper focus should be on the relationship between his

4. In *Vanvorst,* the defendant was arrested driving     a stolen vehicle.

actual possession of the stolen cash, should the jury find such possession was proven beyond a reasonable doubt, and the inference that Budder was involved in the theft of the cash. Given the totality of the evidence presented by the State, we find the jury could rationally determine that it was more likely than not that Budder was involved in the theft of the cash once it determined Budder possessed the cash. Again, the instruction was supported by the evidence.

[¶ 12] Budder next argues the inference referred to in the instruction mandated he present a satisfactory explanation for possession of the cash in order to prevent the jury from finding he was involved in its theft.[5] Budder continues that, since he denied possession, it is irreconcilable with his defense.

[¶ 13] This argument is based on a misapprehension of the language of the instruction. The instruction does not demand a defendant explain possession of recently stolen property. It does not demand a jury return a verdict of guilty if a defendant fails to do so. Indeed, the instruction expressly charges the jury that it cannot find a defendant guilty without other corroborating evidence beyond mere possession. Thus, rather than steering a jury towards a guilty verdict, the instruction is a permissive instruction offering guidance to the jury that it *may* consider unexplained possession of recently stolen property as an inference that Budder "participated in some way in the theft" of the property, if they feel such an inference is warranted by the evidence as a whole. *See Vanvorst*, 1 P.3d at 1230–32. *See generally Huff v. State*, 992 P.2d 1071, 1075 (Wyo.1999) (a permissive inference allows, but does not require, a jury to infer the elemental fact from proof by the State of the basic fact and places no burden of any kind on the defendant). As the instruction states:

[Y]ou are never required to make this inference. It is the exclusive province of the jury to determine whether the facts and circumstances shown by the evidence in this case warrant any inference which the law permits the jury to draw from the possession of stolen property.

Accordingly, Budder was not required under the instruction to offer an explanation, and the jury was not directed by the instruction to read anything into such a lack of explanation. The instruction did not impair Budder's ability to defend on the theory of lack of possession.

[¶ 14] Finally, Budder argues the instruction should have contained language instructing the jury that the burden of proof beyond a reasonable doubt applies to the inference. Budder cites Wyoming Rule of Evidence 303(c) in support of this argument:

**Rule 303. Presumptions in criminal cases.**

* * * *

(c) *Instructing the Jury.*—Whenever the existence of a presumed fact against the accused is submitted to the jury, the court shall instruct the jury that it may regard the basic facts as sufficient evidence of the presumed fact but is not required to do so. In addition, if the presumed fact establishes guilt or is an element of the offense or negatives a defense, the court shall instruct the jury that its existence, on all the evidence, must be proved beyond a reasonable doubt.

[¶ 15] This argument is readily disposed of by existing Wyoming precedent. In *Huff v. State*, 992 P.2d 1071 (Wyo.1999), the Court determined that, when a permissive instruction such as the one at issue is given, the mandate of W.R.E. 303 is satisfied by the inclusion in the jury instructions of other instructions informing the jury of the State's burden of proving all elements of an offense beyond a reasonable doubt. *Huff* at 1076. *See also Eckert v. State*, 680 P.2d 478, 483–84 (Wyo.1984). No fewer than six such instructions were included in the instant case.

[¶ 16] Budder argues we should take this opportunity to overrule *Huff*. He points out

---

5. Budder presents an argument that this inference should be applied to Fox, as the person known to possess the cash when he returned it to the Crazy Woman Saloon. Budder fails to recognize the sequential nature of the instruction.

In order for the jury to reach the inference section of the instruction, it first must have found, beyond a reasonable doubt, that Budder was in possession of the cash.

that other states have concluded that their respective versions of W.R.E. 303 require language regarding the State's burden of proof be contained within the same instruction containing a permissive inference. Budder's supporting appellate argument, however, presents nothing new that causes us to reconsider our analysis in *Huff*. We continue to hold that, in keeping with our traditional standard of review of reading jury instructions as a whole and not singling out any one instruction, W.R.E. 303 is satisfied by the inclusion of other instructions informing the jury of their burden to find all elements of an offense be proven beyond a reasonable doubt.

## CONCLUSION

[¶ 17]   The instruction at issue in this case was appropriate under the evidence introduced at trial by the State.  The instruction permitted the jury to infer Budder was involved in the theft of the cash from the Crazy Woman Saloon if it first found, beyond a reasonable doubt, that Budder possessed the cash, and that other facts and circumstances also supported the inference.  This instruction did not deny Budder his defense.  The instructions as a whole also conformed to the mandates of W.R.E. 303 by informing the jury that the State bore the burden of proving every element of an offense beyond a reasonable doubt.  Affirmed.