# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 92

**APRIL TERM, A.D. 2014**

**July 22, 2014**

GONZALO RUIZ CARDENAS aka GONZALO RUIZ CADENAS aka ALEJANDRO HERNANDEZ,

Appellant
(Defendant),

v.

THE STATE OF WYOMING,

Appellee
(Plaintiff).

No. S-13-0170

*Appeal from the District Court of Sheridan County*
*The Honorable John G. Fenn, Judge*

*Representing Appellant:*

> Diane E. Courselle, Director, and Peter Howard, Student Intern, Defender Aid Program, UW College of Law, Laramie, Wyoming.

*Representing Appellee:*

> Peter K. Michael, Attorney General; David L. Delicath, Deputy Attorney General; Jenny L. Craig, Senior Assistant Attorney General; Jennifer E. Zissou, Assistant Attorney General.

*Before BURKE, C.J., and HILL, KITE\*, DAVIS, and FOX, JJ.*

*\*Chief Justice at time of expedited conference.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BURKE, Chief Justice.**

[¶1]    Appellant, Gonzalo Ruiz Cardenas, challenges his convictions for possession, delivery, and conspiracy to deliver methamphetamine in violation of Wyo. Stat. Ann. §§ 35-7-1042 and 35-7-1031(a)(i).   He contends the district court improperly admitted evidence of uncharged misconduct in violation of Wyoming Rule of Evidence 404(b). We affirm.

## ISSUE

[¶2]    Appellant states the issue as follows:

> Whether the district court abused its discretion by admitting photographic evidence of uncharged misconduct without satisfying the requirements of Rule 404(b) of the Wyoming Rules of Evidence when a timely objection was made and the evidence was substantially prejudicial.

## FACTS

[¶3]    In March, 2012, after the Division of Criminal Investigation intercepted telephone communications between Appellant and a suspected drug courier, Appellant became a suspect in the Division's ongoing investigation into a potential conspiracy to distribute methamphetamine.   On April 16, 2012, Appellant arranged to meet with two other suspects in a Kmart parking lot.   When Appellant met with the other suspects, he opened up the hood of his vehicle, removed a bag, and gave the bag to one of the other suspects. Appellant then left the area for approximately two weeks, during which time police intercepted communications between the other suspects relating to the purchase of methamphetamine.

[¶4]    Based on the surveillance evidence, police suspected that Appellant had traveled to California to obtain methamphetamine for distribution in Wyoming.   When Appellant returned to Sheridan, he and another suspect were arrested after arranging to meet with one another.   During a search of Appellant's vehicle, police found four ounces of methamphetamine.   On May 4, 2012, after obtaining a warrant to search Appellant's home, police found an additional six ounces of methamphetamine.   During their search, the police photographed some of the items in Appellant's home, including a frying pan lined with metal foil covered with an "off-white crystalline material," a clear plastic cup found on a kitchen scale, a silver measuring cup, a blue bucket containing a liquid, and a sifter that had been sitting on a small plastic container.   Subsequent laboratory tests revealed that the material on the frying pan was methamphetamine.   Additionally, the plastic cup, the scale, and the measuring cup each contained trace amounts of methamphetamine.   The blue bucket contained acetone and methamphetamine.   The sifter

1

and small container contained approximately 0.02 ounces of methamphetamine.

[¶5]    The State subsequently filed an Information charging Appellant with four crimes. Count I charged Appellant with conspiracy to deliver a controlled substance between March 1, 2012 and May 4, 2012.  Counts II and IV charged Appellant with possession with intent to deliver a controlled substance on March 14 and May 4, respectively. Finally, Count III charged Appellant with delivery of a controlled substance on April 16. In its pretrial memorandum, the State indicated its intent to introduce the photographs taken during the search of Appellant's home.  Appellant did not file a pretrial motion to suppress the evidence, but objected to its introduction during trial.  The district court overruled Appellant's objection.  After a three-day jury trial, Appellant was found guilty on Counts I, III, and IV.  Appellant timely filed this appeal.

## DISCUSSION

[¶6]    Appellant contends the district court abused its discretion when it admitted the photographic evidence of items in Appellant's home containing methamphetamine.  He claims that the photographic evidence constitutes evidence of uncharged misconduct under W.R.E. 404(b)[1] because it suggests that he was manufacturing methamphetamine. Appellant claims that "Any evidence admitted that could suggest that Mr. [Cardenas] was involved in the manufacture of methamphetamine is inherently prejudicial because it is a related crime that a jury would find more heinous and could be reasonably expected to relate to existing charges."   The State responds that the evidence was not uncharged misconduct evidence, but rather substantive evidence of the crimes charged.  According to the State, the photographic evidence related directly to the charges of conspiracy and possession with intent to deliver methamphetamine.

[¶7]    Before beginning our analysis, we must determine the appropriate standard of review.  Generally, when there is an objection to the admission of evidence, we review the admission of that evidence for an abuse of discretion. *Nelson v. State*, 2010 WY 159, ¶ 29, 245 P.3d 282, 289 (Wyo. 2010).  Appellant contends that we should apply this

---

[1] W.R.E. 404(b) provides:

> (b) *Other crimes, wrongs, or acts.* — Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

standard of review to the district court's decision to admit the photographic evidence. The State claims, however, that because Appellant made only a general relevance objection at trial, we should review for plain error. We do not agree. Appellant made a timely objection to admission of the photographic evidence when the State sought to introduce the evidence. The discussion of Appellant's objection, however, was held off the record. The district court later summarized the discussion, stating that "We had one bench conference relating to an objection to the [photographic evidence]. The objection made by defense was the relevancy. [Counsel for Appellant] argued that there's been no allegation of manufacturing." We recently reiterated that W.R.Cr.P. 55, in addition to W.R.A.P. 3.02, "clearly contemplates that in district court 'conferences with the presiding judge in open court' shall be reported." *Mraz v. State,* 2014 WY 73, ¶ 8 n.1, 326 P.3d 931, 933 n.1 (Wyo. 2014) (quoting W.R.Cr.P. 55). We stated that, consistent with these rules, "A criminal defendant is entitled to have his entire trial recorded and available for appeal" and that "reporting is required and a complete record is necessary for this Court to provide meaningful review." *Mraz,* ¶ 8 n.1, 326 P.3d at 933-34 n.1. Additionally, we note that Appellant filed a pretrial demand for notice of intent to use W.R.E. 404(b) evidence, an action that we have previously held will act as a timely objection to the admission of W.R.E. 404(b) evidence at trial. *Howard v. State,* 2002 WY 40, ¶ 23, 42 P.3d 483, 491 (Wyo. 2002). Ultimately, considering the absence of a complete record of the discussion of Appellant's objection, as well as the district court's indication that Appellant objected to the evidence because he had not been charged with manufacturing methamphetamine, we find sufficient basis to conclude the district court had notice of a potential violation of Rule 404(b). Accordingly, we will review the district court's decision to admit the photographic evidence for abuse of discretion. "In applying this standard of review, we recognize that a 'trial court's rulings on the admissibility of evidence are entitled to considerable deference, and, as long as there exists a legitimate basis for the trial court's ruling, that ruling will not be disturbed on appeal.'" *Gonzalez-Ochoa v. State,* 2014 WY 14, ¶ 11, 317 P.3d 599, 603 (Wyo. 2014) (quoting *Sanchez v. State,* 2006 WY 116, ¶ 20, 142 P.3d 1134, 1140 (Wyo. 2006)).

[¶8]   We turn, then, to the question of whether the challenged evidence constitutes evidence of uncharged misconduct under Rule 404(b). We have noted that "A core principle of W.R.E. 404(b) is that the defendant in a criminal case 'should not be convicted because he is an unsavory person, nor because of past misdeeds, but only because of his guilt of the particular crime charged.'" *Leyva v. State,* 2007 WY 136, ¶ 19, 165 P.3d 446, 452 (Wyo. 2007) (quoting 1 Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 4:21, at 691-92 (3d ed. 2007)). In *Roeschlein v. State,* 2007 WY 156, ¶ 10, 168 P.3d 468, 471 (Wyo. 2007), we stated that evidence which explains some aspect of the charged crime does not constitute evidence of uncharged misconduct:

> Rule 404 governs evidence introduced "'only to demonstrate that the defendant has a disposition to commit crimes.'"

3

*Cazier* [*v. State*, 2006 WY 153,] ¶ 30, 148 P.3d [23,] 33-34 [(Wyo. 2006)], quoting *Gleason* [*v. State*, 2002 WY 161,] ¶ 17, 57 P.3d [332,] 340 [(Wyo. 2002)]. Using this principle, we have ruled that testimony which explains some aspect of the charged crime is not uncharged misconduct evidence. *See, e.g., Bromley* [*v. State*, 2007 WY 20,] ¶ 27, 150 P.3d [1202,] 1211 [(Wyo. 2007)]. We explained this concept in *Barker* [*v. State*, 2006 WY 104,] ¶ 36, 141 P.3d [106,] 118 [(Wyo. 2006)] (some citations omitted), as distinguishing between intrinsic and extrinsic evidence:

> "Other act evidence is 'intrinsic' when the evidence of the other act and the evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged." *United States v. Williams*, 900 F.2d 823, 825 (5th Cir.1990).

Rule 404(b) does not prohibit introduction of evidence that is intrinsic to the charged act.

[¶9]    As set forth in the jury instructions in this case, the crimes of conspiracy to deliver a controlled substance and possession with intent to deliver a controlled substance were composed of the following elements:

INSTRUCTION NO. 5

The elements of the crime of Conspiracy to Deliver a Controlled Substance, as charged in Count 1 in this case, are:

1. On or about March 1, 2012 through May 4, 2012
2. In Sheridan County, Wyoming
3. The Defendant, Gonzalo Ruiz [Cardenas]
4. Agreed with one or more other persons; . . .
5. That they, or one of them, would commit the crime of Delivery of a Controlled Substance, methamphetamine.

INSTRUCTION NO. 11

The elements of the crime of Possession with Intent to Deliver a Controlled Substance, as charged in Count 4 in this case, are:

4

1. On or about May 4, 2012
2. In Sheridan County, Wyoming
3. The Defendant, Gonzalo Ruiz [Cardenas]
4. Possessed a controlled substance, methamphetamine,
5. With intent to deliver it to another person.

The evidence challenged by Appellant relates directly to elements of these crimes. This fact is also apparent from the affidavit of probable cause, which was attached to the Information. The affidavit reveals that the crimes charged were based on the methamphetamine found during the May 4th search of Appellant's home:

> On Friday May 4[th], 2012 agents from the Division of Criminal Investigation conducted a search of [Appellant's] residence . . . . Inside the residence they found the following: approximately eight (8) ounces of suspected methamphetamine located underneath the kitchen table in a frying pan lined with tin foil, a Tupperware container with a clear crystalline substance (suspected methamphetamine shards) in the northwest corner of the kitchen, a scale on the kitchen table, and a hot plate on the stovetop with suspected acetone (washing agent). The suspected methamphetamine was field tested and yielded presumptive positive results for the presence of methamphetamine.

Accordingly, the photographs taken by police during the May 4th search of Appellant's home constitute direct proof of the elements of Count I, relating to conspiracy to deliver a controlled substance, and Count IV, relating to possession with intent to deliver a controlled substance. The challenged evidence is intrinsic to the crimes charged and is not uncharged misconduct evidence. We find no abuse of discretion in the district court's decision to admit the photographic evidence.

[¶10] Affirmed.