# IN THE SUPREME COURT, STATE OF WYOMING

## 2016 WY 62

APRIL TERM, A.D. 2016

*June 22, 2016*

RICKY L. DOUGHERTY,

Appellant
(Defendant),

v.

S-15-0218

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Laramie County*
*The Honorable Catherine R. Rogers, Judge*

*Representing Appellant:*

Office of the State Public Defender:  Diane Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; and Eric M. Alden, Senior Assistant Appellate Counsel.  Argument by Mr. Alden.

*Representing Appellee:*

Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Christyne M. Martens, Senior Assistant Attorney General; and Caitlin F. Young, Assistant Attorney General.  Argument by Ms. Young.

*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**HILL,** Justice.

[¶1]    After a jury convicted Ricky Lee Dougherty of one count of child endangering/obscene act for exposing himself in front of an eleven-year-old girl and then masturbating in a Cheyenne park, Mr. Dougherty contends on appeal that the district court did not properly instruct the jury as to the definition of the word "presence" as it is used in the charging statute, Wyo. Stat. Ann. § 6-4-403(b)(iii).  Also, Mr. Dougherty argues that the district court improperly admitted evidence of his prior bad acts in the form of court documents rather than testimony.  We will reverse.

### ISSUES

[¶2]    Mr. Dougherty presents two issues for our review:

> 1.  The trial court erred in refusing to instruct the jury on the meaning of "presence" in W.S. § 6-4-403(b)(iii).
> 2.  The trial court improperly admitted Exhibits 9A and 9B.

### FACTS

[¶3]    On July 1, 2014, eleven-year-old MT, her mother, and sisters were fishing at Lions Park in Cheyenne.  MT noticed Mr. Dougherty pacing behind her, and when she turned around for the last time, he was within two to four feet of her with his hands in his pants and "playing with himself."  MT reported this to her mother who then observed that Mr. Dougherty was partially exposed and masturbating.  MT's mother then reported the incident to police.

[¶4]    Mr. Dougherty denied any wrongdoing when questioned by law enforcement – he only admitted that he was rubbing himself because of sciatic pain.  Nevertheless, Mr. Dougherty was charged with one count of child endangering-obscene act pursuant to Wyo. Stat. Ann. § 6-4-403(b)(iii) (LexisNexis 2015).  Under this statute, it is illegal to "[c]ommit any indecent or obscene act in the presence of a child."  The State moved to join the instant case with a previous charge on an unrelated incident in a different park with a different victim where Mr. Dougherty allegedly engaged in similar conduct.  The district court granted the State's motion.

[¶5]    Prior to trial the State also filed a notice of its intent to introduce W.R.E. 404(b) evidence concerning Mr. Dougherty's previous convictions for sexual misconduct and other criminal activity, arguing that those prior convictions showed proof of motive and intent.  Mr. Dougherty objected to the admission of the convictions citing concerns with the age of the conviction, their relevance (not stemming from sexual misconduct), and the prejudicial nature outweighing the evidence's probative value. The court ruled that the State could use a limited number of Mr. Dougherty's convictions for similar behavior to

1

demonstrate motive, intent, and lack of mistake. Upon the State's motion, the court also granted the State leave to dismiss the companion case, in which the victim was an infant.

[¶6] At trial on the single remaining charge, the State admitted evidence regarding Mr. Dougherty's prior bad acts but limited that evidence to certified copies of two judgments and sentences for convictions of child endangering-obscene act crimes. Prior to the admission of the documents, Mr. Dougherty expressed his concern with the documents but ultimately did not object. However, at his request, the court issued a limited instruction before the introduction of those documents.

[¶7] Prior to trial when filing his proposed jury instructions, Mr. Dougherty requested the district court to give an instruction defining the word "presence" used in the charging statute, § 6-4-403(b)(iii). Citing a Florida case, Mr. Dougherty requested that the term "presence" be defined as "more than a child merely being in the vicinity where an indecent or obscene act occurs. A violation cannot occur unless a child sees or senses that a[n] indecent or obscene act is happening." In opposition to this request, the State voiced its concerns about using a definition from a mid-level Florida court about a word that was not otherwise "unconstitutionally vague." After trial and after the dismissal of the companion case, the court indicated that it would not provide the definition of the word "presence." Mr. Dougherty objected but the court decision was made. The court stated that it did not feel that further instruction on the definition of the word would help the jury to better do its job.

[¶8] The jury returned a guilty verdict and the Court sentenced Mr. Dougherty to serve four to five years in prison. This appeal followed. Additional facts will be provided.

**DISCUSSION**

*Jury Instructions*

[¶9] Mr. Dougherty first argues on appeal that the trial court erred when it refused to instruct the jury on the definition of the term "presence" after first ruling that it would give the instruction. Mr. Dougherty argues that his trial strategy and specifically his cross-examination of the victim was tailored based upon the trial court's decision at the beginning of the trial to allow a jury instruction on the definition of the word "presence." Dougherty argues that the ruling change effected a change of the elements in the statute and thus the presentation of his case was tailored to that earlier ruling.

[¶10] Regarding the proper standard of review on this issue, Mr. Dougherty submits that his argument involves review of an issue of law, but we disagree and conclude that abuse of discretion remains the correct standard under which to review his argument. We review a district court's decision on jury instructions for an abuse of discretion. *Adekale v. State*, 2015 WY 30, ¶ 37, 344 P.3d 761, 770 (Wyo. 2015) (quoting *Budder v. State*,

2

2010 WY 123, ¶ 7, 238 P.3d 575, 577 (Wyo. 2010)). District courts have substantial latitude to tailor jury instructions to the facts of the case. *Id*. "A trial court does not abuse its discretion by referring the jury to instructions that, when viewed as whole and in the context of the entire trial, fairly and adequately cover the issues." *Id*.

[¶11] The following is also instructive when reviewing a district court's decision regarding jury instructions:

> When we review claims of error involving jury instructions, the district court is afforded significant deference. *Luedtke v. State*, 2005 WY 98, ¶ 28, 117 P.3d 1227, 1232 (Wyo.2005). A district court is "given wide latitude in instructing the jury and, as long as the instructions correctly state the law and the entire charge covers the relevant issue, reversible error will not be found." *Id.* (citations omitted); *see also Hawes v. State*, 2014 WY 127, ¶ 15, 335 P.3d 1073, 1078 (Wyo.2014). Its ruling on an instruction must be prejudicial to constitute reversible error. *Heywood v. State*, 2007 WY 149, ¶ 26, 170 P.3d 1227, 1234 (Wyo.2007) (citation omitted), *abrogated on other grounds by Granzer v. State*, 2008 WY 118, 193 P.3d 266 (Wyo.2008). Because the purpose of jury instructions is to provide guidance on the applicable law, prejudice will result when the instructions confuse or mislead the jury. *Id.*

*Brown v. State*, 2015 WY 4, ¶ 40, 340 P.3d 1020, 1031 (Wyo. 2015).

[¶12] Upon filing his proposed jury instructions, Mr. Dougherty asked that the court define the word "presence," as it is used in § 6-4-403(b)(iii), as "more than a child merely being in the vicinity where an indecent or obscene act occurs. A violation cannot occur unless a child sees or senses that a[n] indecent or obscene act is happening." After approving Mr. Dougherty's proposal before trial, at the close of evidence, as the district court was sifting through jury instructions, it inquired about the instruction that defined the word "presence." Specifically, the court's colloquy went as follows:

> The Court: … [Defense Counsel], you proposed an instruction follow[ing] the analysis set forth in *Warner v. Florida*. In my interpretation of your proposal of that particular instruction was that it was targeted a lot more at the now-dismissed docket than it was at this docket. But tell me your position on that proposed instruction at this time.

3

> [Defense counsel]: Your Honor, I still believe strongly in the definition. I think it should be used in the jury instruction. I'm sure the State is confident that they have evidence that the child saw or sensed it.
>
> …
>
> [Prosecutor]: Well, Your Honor, we would respectfully object to that instruction. And I mean no disrespect. We don't believe that is the law. Just as we argued in that 191 docket, so we would make the same argument in this docket. Thank you.
>
> The Court: … The Court is not going to, in this docket, deliver this instruction to the jury. I don't think it helps the jury do their job. I don't think it adds anything, and it won't be numbered and it won't be delivered to the jury.

[¶13] In consideration of whether it was error for the court to reverse its earlier ruling on the proposed definition we begin with our own case law. This Court has said, "In general, a court should honor its earlier rulings unless there is a legitimate reason not to do so." *Daniels v. State*, 2014 WY 125, ¶ 13, 335 P.3d 483, 487 (Wyo. 2014). Other cases, while not directly on point, have observed lower courts changing a ruling mid-trial. Mr. Dougherty directs us to *Munoz v. State*, 2013 WY 94, ¶ 16, 307 P.3d 829, 834 (Wyo. 2013). There, this Court found that the reversal of a pre-trial W.R.E. 404(b) ruling mid-trial deprived the defendant of his right to a fair trial. In comparison with the instant case, while the district court also changed its ruling, it explained its reasoning in doing so such that it avoids a finding of error by this Court.

[¶14] The trial court's justification for not giving the jury the proposed definition of "presence" after all was that it first ruled in favor of providing the jury instruction containing the definition because of a similar charge, in a companion case, that existed pre-trial. That charge and case was dismissed because the alleged victim was an infant. We agree with the district court that delivering Mr. Dougherty's proposed instruction would not have helped the jury to better do their job. Again, when reviewing claims of error involving jury instructions, the district court is afforded significant deference. *Luedtke v. State*, 2005 WY 98, ¶ 28, 117 P.3d 1227, 1232 (Wyo.2005). Under these circumstances, we must conclude that the court did not abuse its discretion when it did not admit the proposed jury instruction after it initially ruled that it would.

### Rule 404(b) Evidence

[¶15] Mr. Dougherty's second and final argument is that the district court abused its discretion when it admitted certified copies of two judgments and sentences of Mr.

4

Dougherty's previous convictions for child-endangerment/obscene acts. On this issue we must reverse and remand.

[¶16] Initially, before trial the State filed its *Notice of Intent to Introduce Evidence Under W.R.E. 404(b)* to show motive and lack of mistake on Mr. Dougherty's part. Over Mr. Dougherty's objection, the court ruled that the State could use a limited number of Mr. Dougherty's convictions for similar behavior to demonstrate motive, intent, and lack of mistake. However, because the State did not disclose that evidence to Mr. Dougherty's defense counsel pre-trial, the evidence was disallowed. In lieu of that evidence, the court admitted copies of prior judgment and sentence documents showing Mr. Dougherty's prior convictions of similar crimes. Here, Mr. Dougherty contends that the admission of those prior conviction documents was improper in that it goes against the very purpose of W.R.E. 404(b) – convicting a defendant merely because he has done "bad" things before. We agree.

[¶17] We typically review challenges to the admission of evidence for an abuse of discretion when an objection has been lodged. *Hodge v. State*, 2015 WY 103, ¶ 8, 355 P.3d 368, 370-71 (Wyo. 2015) (quoting *Cardenas v. State*, 2014 WY 92, ¶ 7, 330 P.3d 808, 810 (Wyo. 2014)). Mr. Dougherty submits that this issue should be reviewed for an abuse of discretion. The State, however, argues that because Mr. Dougherty did not object to the ***form*** of the evidence when the State asked the court to admit the exhibits, this Court should review the admission for plain error. About this we have previously said the following:

> "[W]here a defendant files a pretrial demand for notice of intent to introduce evidence under W.R.E. 404(b), the same shall be treated as the making of a timely objection to the introduction of the evidence." *Howard v. State*, 2002 WY 40, ¶ 23, 42 P.3d 483, 491 (Wyo. 2002). Mr. Hodge filed a demand prior to trial. We therefore review the district court's decision to admit the uncharged misconduct evidence for an abuse of discretion. A trial court's ruling on the admissibility of uncharged misconduct evidence is entitled to considerable deference, " 'and, as long as there exists a legitimate basis for the trial court's ruling, that ruling will not be disturbed on appeal.' " *Cardenas*, 2014 WY 92, ¶ 7, 330 P.3d at 810 (quoting *Gonzalez-Ochoa v. State*, 2014 WY 14, ¶ 11, 317 P.3d 599, 603 (Wyo. 2014)). "A trial court abuses its discretion when it could not have reasonably concluded as it did." *Bromley v. State*, 2007 WY 20, ¶ 8, 150 P.3d 1202, 1206-07 (Wyo. 2007). "Even if a district court abused its discretion in admitting uncharged misconduct evidence, we must also determine whether the error was prejudicial."

*Mersereau v. State*, 2012 WY 125, ¶ 17, 286 P.3d 97, 106 (Wyo. 2012). " 'Error is prejudicial if there is a reasonably possibility that the verdict might have been more favorable to the defendant if the error had not been made.' " *Id.* (quoting *Vigil v. State*, 2010 WY 15, ¶ 11, 224 P.3d 31, 36 (Wyo. 2010)).

*Hodge*, ¶ 8, 355 P.3d at 371. Here, Mr. Dougherty made his pretrial demand for Rule 404(b) evidence, but he also entered a pretrial objection to its admissibility on the ground that its potential for unfair prejudice outweighed its probative value. Given the discussion in *Hodge* and given that Mr. Dougherty filed a demand prior to trial, we thus find it proper here to review this issue for an abuse of discretion.

[¶18] W.R.E. 404(b) states:

> (b) *Other crimes, wrongs, or acts*. — Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

We have consistently cautioned that prior misconduct evidence carries an inherent danger for prejudice; consequently, we require district courts to follow a mandatory procedure for testing its admissibility:

> (1)     the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the probative value of the evidence must not be substantially outweighed by its potential for unfair prejudice; and (4) upon request, the trial court must instruct the jury that the similar acts evidence is to be considered only for the proper purpose for which it was admitted. *Vigil*, 926 P.2d at 357 (*quoting United States v. Herndon*, 982 F.2d 1411, 1414 (10th Cir.1992)).

*Griggs v. State,* 2016 WY 16, ¶ 128, 367 P.3d 1108, 1143 (Wyo. 2016) (quoting *Gleason v. State*, 2002 WY 161, ¶ 18, 57 P.3d 332, 340 (Wyo. 2002)). The *Gleason* test is

intended to be conducted by the trial court; consequently, we do not apply it *de novo* on appeal. Our role is to determine whether admission of the evidence was error.

[¶19] Prior to trial, the court addressed the admissibility of prior bad act evidence under W.R.E. 404(b) and ruled that certain incidents about which Mr. Dougherty was criminally charged would be admitted to show motive, intent, and lack of mistake. However, during trial rather than submitting details/evidence regarding the underlying acts, the prosecution offered two judgments and sentences indicating only that Mr. Dougherty had been convicted and sentenced to prison in 1992 for child endangering/indecent exposure and in 2009 for child endangering/obscene act. No evidence regarding the actual crimes was presented to the jury nor was any detail contained in the judgment and sentence documents. [1] Only certified copies of those documents showing Mr. Dougherty's two convictions were admitted as exhibits.

[¶20] Evidence of prior convictions alone, without testimony regarding the underlying acts, generally cannot provide clear evidence that the convicted person committed the acts in question. *See State v. Wright*, 719 N.W.2d 910, 916 n.1 (Minn. 2006). "[I]t is not the fact of the conviction that counts when the proof is offered under Rule 404(b), but the fact that the person committed the underlying acts." 1 Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 4:31, p. 775 (4th ed. 2013). This Court is generally in agreement with this concept.

[¶21] The evidence admitted in this case was ostensibly character evidence within the scope of Rule 404(b). Generally, such evidence should be relevant and more probative than prejudicial. *Lindstrom v. State*, 2015 WY 28, ¶ 21, 343 P.3d 792, 797 (Wyo. 2015). Such evidence must be relevant to a proper purpose. The trial court identified the purposes for prior conviction evidence in this case as proof of motive, intent or lack of mistake. The judgments and sentences admitted in evidence did not and could not show motive, intent or lack of mistake because there were no facts presented about the circumstances of those prior convictions indicating a connection to the facts of this case. Without such facts, the exhibits could not make the issues of motive, intent or lack of mistake more or less probable. Here, the evidence existed solely to show that Mr. Dougherty had a propensity for committing bad acts only because he had done so before. This is not the proper purpose of 404(b) evidence. Accordingly, we must conclude that the trial court abused its discretion when it admitted the documents.

[¶22] Our conclusion that the district court abused its discretion in admitting the evidence does not end our analysis. We still must determine whether the error was prejudicial.

---

[1] While the prosecution had planned to present evidence about Mr. Dougherty's underlying crimes, the court prohibited the admission of that evidence because it had not been disclosed to defense attorneys prior to trial.

> Even if the district court admitted evidence in error, we must consider whether the error was prejudicial or harmless. Error is prejudicial if there is a reasonable possibility that the verdict might have been more favorable to the defendant if the error had not been made. Prejudicial error requires reversal, while harmless error does not.

*Lindstrom*, 2015 WY 28, ¶ 22, 343 P.3d 792, 797 (Wyo. 2015).

[¶23]   When considering the evidence against Mr. Dougherty in its entirety, we conclude that there is a reasonable possibility that the verdict would have been more favorable to him if the judgment and sentence documents had not been admitted.  Those documents, without any further supporting evidence, existed only to show that Mr. Dougherty had a propensity for committing crimes.  W.R.E. 404(b) clearly states: – "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith."  As a result, this Court can only conclude that the error in admitting the judgment and sentence documents was not harmless.  We must reverse and remand for a new trial.

## CONCLUSION

[¶24]   We find no error in the trial court's refusal to admit the proposed jury instruction after it initially ruled that it would.  However, we must find that the court abused its discretion when it admitted the judgment and sentence documents to show W.R.E. 404(b) evidence.  Furthermore, we conclude that the admission of those exhibits was prejudicial, and we reverse and remand for a new trial.

8