# IN THE SUPREME COURT, STATE OF WYOMING

## 2016 WY 129

OCTOBER TERM, A.D. 2016

December 29, 2016

JOSE ADRIAN VASQUEZ,

Appellant
(Defendant),

v.

S-16-0036

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Goshen County*
*The Honorable John C. Brooks, Judge*

*Representing Appellant:*
> *Office of the State Public Defender:  Diane M. Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; Kirk A. Morgan, Senior Assistant Appellate Counsel.*

*Representing Appellee:*
> *Peter K. Michael, Attorney General; David L. Delicath, Deputy Attorney General; Christyne M. Martens, Senior Assistant Attorney General; Joshua C. Eames, Assistant Attorney General.*

*Before BURKE, C.J., and HILL, DAVIS, and FOX, JJ., and YOUNG, D.J.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**YOUNG, District Judge.**

[¶1]    After a one-day jury trial, Jose Adrian Vasquez was convicted of three counts of sexual abuse of a minor in the second degree.  Appellant contends the district court abused its discretion in admitting evidence that he was in violation of his parole at the time of the offenses.  We affirm.

## *ISSUE*

[¶2]    Appellant presents one issue for our review:

> Whether the district court abused its discretion when it
> admitted evidence relating to the terms of Appellant's parole
> and his parole violations.

## *FACTS*

[¶3]    Jose Adrian Vasquez was paroled from the Wyoming Medium Correctional Institution (WMCI), after serving time for sexual abuse of a minor in the third degree, on March 5, 2014.  He met I.E. in late March 2014, when I.E. was fifteen and Appellant was twenty-three.  As a condition of his parole, Appellant was not to have contact with minors.  Appellant began his relationship with I.E. when he visited I.E.'s apartment in Torrington, Wyoming, where I.E. lived with his mother.  I.E's mother, who was using methamphetamine and focused on her boyfriend, left I.E. alone frequently.  At some point, Appellant asked I.E. if he wanted to help him plan a skate party.  During a walk to discuss the party, Appellant and I.E. held hands.  By early April 2014, I.E. spent nearly every day with Appellant at his apartment.  At the time I.E. met Appellant, I.E. had few friends, was very lonely, was frequently "depressed" and "felt vulnerable" due to a strained relationship with his mother.

[¶4]    The relationship between Appellant and I.E. progressed from touching to sexual encounters.  The majority of these encounters occurred at Appellant's residence.  Appellant's parole agent, Jason Bauer, and a contract parole agent, Glenn Schleve, discovered Appellant and I.E. together on two separate occasions.  Both Appellant and I.E. lied to the parole agents about I.E.'s age.  Mr. Bauer imposed an administrative parole sanction against Appellant for his contact with a minor.  On April 12th and 13th, 2014, Appellant took I.E. camping at the Rawhide Recreation Area outside of Torrington, Wyoming, where I.E. and Appellant engaged in sexual contact.  While waiting for a ride from I.E.'s mother, they encountered Jerry Numon, a guard at WMCI.  Mr. Numon knew Appellant from WMCI.  Mr. Bauer was notified that Appellant had been seen with I.E.

[¶5]    In June of 2014, I.E.'s mother reported to Mr. Bauer that Appellant continued to have contact with I.E.  Appellant's parole was revoked.  In November of 2014, he was

1

charged with three counts of sexual abuse of a minor in the second degree, in violation of Wyo. Stat. Ann. § 6-2-315(a)(i). Counts two and three alleged the abuse had occurred at the Rawhide Recreation Area. The case proceeded to trial, after which the jury returned a verdict of guilty on all three counts of sexual abuse of a minor in the second degree, in violation of Wyo. Stat. Ann. § 6-2-315(a)(i).

## STANDARD OF REVIEW

[¶6]    We review rulings on the admissibility of evidence for an abuse of discretion.

> We review challenges to the admission of evidence for an abuse of discretion when an objection has been lodged. *Cardenas v. State*, 2014 WY 92, ¶ 7, 330 P.3d 808, 810 (Wyo. 2014). "[W]here a defendant files a pretrial demand for notice of intent to introduce evidence under W.R.E. 404(b), the same shall be treated as the making of a timely objection to the introduction of the evidence." *Howard v. State*, 2002 WY 40, ¶ 23, 42 P.3d 483, 491 (Wyo. 2002). Mr. Hodge filed a demand prior to trial. We therefore review the district court's decision to admit the uncharged misconduct evidence for an abuse of discretion. A trial court's ruling on the admissibility of uncharged misconduct evidence is entitled to considerable deference, "'and, as long as there exists a legitimate basis for the trial court's ruling, that ruling will not be disturbed on appeal.'" *Cardenas*, 2014 WY 92, ¶ 7, 330 P.3d at 810 (quoting *Gonzalez–Ochoa v. State*, 2014 WY 14, ¶ 11, 317 P.3d 599, 603 (Wyo. 2014)). "A trial court abuses its discretion when it could not have reasonably concluded as it did." *Bromley v. State*, 2007 WY 20, ¶ 8, 150 P.3d 1202, 1206–07 (Wyo. 2007). "Even if a district court abused its discretion in admitting uncharged misconduct evidence, we must also determine whether the error was prejudicial." *Mersereau v. State*, 2012 WY 125, ¶ 17, 286 P.3d 97, 106 (Wyo. 2012). "'Error is prejudicial if there is a reasonable possibility that the verdict might have been more favorable to the defendant if the error had not been made.'" *Id.* (quoting *Vigil v. State*, 2010 WY 15, ¶ 11, 224 P.3d 31, 36 (Wyo. 2010)).

*Hodge v. State*, 2015 WY 103, ¶ 8, 355 P.3d 368, 370–71 (Wyo. 2015).

[¶7]    Even if an evidentiary ruling is found to be in error, Appellant has the burden of affirmatively showing that the error was prejudicial.

2

If we conclude the trial court erred, we must then determine if the error was prejudicial. *Bromley v. State*, 2009 WY 133, ¶ 24, 219 P.3d 110, 116 (Wyo. 2009). An error is prejudicial if there is a reasonable possibility the verdict might have been more favorable to the appellant if the error had never occurred. *Callen v. State*, 2008 WY 107, ¶ 5, 192 P.3d 137, 141 (Wyo. 2008). The burden of proving prejudicial error rests with the appellant. *Skinner v. State*, 2001 WY 102, ¶ 25, 33 P.3d 758, 767 (Wyo. 2001).

*Bloomfield v. State*, 2010 WY 97, ¶ 17, 234 P.3d 366, 373 (Wyo. 2010).

## *DISCUSSION*

[¶8] Appellant filed a pretrial demand for notice of intent to use W.R.E. 404(b) evidence.[1] The State did not respond, and Appellant subsequently filed a Motion in Limine requesting the district court exclude evidence of his prior conviction for sexual abuse of a minor in the third degree under W.R.E. 404(b) and W.R.E. 403.[2] Appellant argued the evidence should be excluded under W.R.E. 404(b) and not allowed as W.R.E. 609 impeachment evidence, in the event Appellant testified.[3] While the district court

---

[1] W.R.E. 404(b) provides:

(b) *Other crimes, wrongs, or acts.* – Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

[2] W.R.E. 403 provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

[3] W.R.E. 609 provides, in relevant part:

(a) *General rule.* – For the purpose of attacking the credibility of a

3

agreed that evidence of the prior conviction should not be allowed, the district court allowed testimony as to why Mr. Schleve and Mr. Bauer contacted Appellant, why they were interested in I.E.'s age, as well as evidence of potential parole violations as course of conduct evidence, or intrinsic evidence.

[¶9]   Appellant contends that even if relevant, evidence of his parole status, the condition prohibiting contact with minors, the administrative parole sanctions, and subsequent revocation proceedings should have been excluded as their probative value was substantially outweighed by the danger of unfair prejudice under W.R.E. 403.  As noted above, Rule 403 provides, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

[¶10]  Appellant urges the Court to find that the danger of unfair prejudice resulting from Mr. Bauer's testimony substantially outweighs any probative value and was in violation of Rule 403.  He directs the Court to *United States v. Calhoun*, 544 F.2d 291 (6th Cir. 1976) for this proposition.  In *Calhoun*, the Sixth Circuit held

> The knowledge that Calhoun was on parole at the time of the alleged offense could also arouse an emotional reaction among the jurors, especially those who harbor strong feelings about recidivism and the premature release of those in prison for crimes.  Thus in *United States v. Poston*, 430 F.2d 706 (6th Cir. 1970), we held that it was prejudicial and reversible error to have introduced evidence before a jury that the defendant was on probation at the time of the alleged offense.

*Calhoun*, 544 F.2d at 296.

---

witness,

> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one (1) year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and

> (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

[¶11] The State cites *United States v. Allums*, 379 F. App'x 711, 716–18 (10th Cir. 2010), where the Tenth Circuit explained its decision to take a more flexible approach in permitting testimony from parole agents.

> In contrast to the Sixth Circuit's decision in *Calhoun*, this court has taken a more measured approach. In *United States v. Contreras*, 536 F.3d 1167, 1169 (10th Cir. 2008), the trial court allowed the prosecution to present testimony from a parole officer who identified the defendant from photographs taken by a video surveillance camera during the charged bank robbery, "but required the Government to limit its direct examination to exclude the details of [the witness's] role as [the defendant's] probation officer." We held that the trial court did not abuse its discretion in allowing the testimony, and we rejected *Calhoun*'s per se approach. We reasoned that the defendant could freely cross-examine [the probation officer], either by (1) "limit[ing] the scope of his cross-examination to exclude details of the nature of their relationship and focus solely on questions regarding whether [the probation officer's] past interactions with [the defendant] adequately enabled her to identify him from the surveillance photographs[;]" or (2) electing to "fully cross-examine [the probation officer] without concern about testimony regarding her role as [the defendant's] probation officer." *Id.* at 1171–72.
>
> Our approach in *Contreras* comports with decisions of other circuits, which have rejected *Calhoun*'s per se rule and considered the admission of parole and probation officer testimony on a case-by-case basis.

*Allums*, 379 F. App'x at 716–17. We find that the decision to allow or prohibit testimony from parole or probation agents should be evaluated on a case-by-case basis. *Allums*, 379 F. App'x at 716–18. The trial court evaluated the proposed testimony and its limits during the hearing on the Motion in Limine.

[¶12] Appellant further contends, even though there was no direct testimony as to his previous conviction, the challenged evidence triggered the mandatory W.R.E. 404(b) analysis, as evidence of his parole status indicates a prior criminal history. Appellant contends that from this evidence the jury could, and did, logically conclude he was on parole for a previous crime against a minor. Appellant alleges this evidence improperly factored into the jury's determination of guilt, as demonstrated by their inquiry to the

5

district court concerning sanctions, to which the district court did not provide a substantive response. This Court has consistently held that analyses of proffered 404(b) evidence must take place on the record, and has detailed the process for the analysis repeatedly, and is often referred to as the *Gleason* analysis. *See Vigil*, ¶¶ 19-20, 224 P.3d at 38.

[¶13] During the hearing on the Motion in Limine, the district court found the State agreed to omit Appellant's prior conviction from its case-in-chief. With respect to testimony of the witnesses that recognized Appellant, that recognition and the basis for their recognition was ruled admissible. While the district court found that the evidence concerning portions of the investigation might be considered other wrongs or bad acts, such as Appellant's dishonesty to the parole agent, the court found that evidence to be admissible "course of conduct" evidence. The court ruled that evidence of a potential parole violation was admissible to establish Appellant's course of conduct "as part of the . . . whole explanation of what went on[.]" The district court found that testimony relating to Appellant's decision to lie to Mr. Bauer, and to influence I.E. to lie about I.E.'s name and age, was admissible as the evidence was "directly connected" to his current charges. The court determined that the evidence "show[ed] motive, guilty mind, surely knowledge" and that it was therefore admissible under 404(b).

> We have previously recognized that evidence of uncharged misconduct is admissible if it "forms part of the history of the event or serves to enhance the natural development of the facts." *Bromley*, 2007 WY 20, ¶ 9, 150 P.3d at 1207; *Blakeman*, 2004 WY 139, ¶ 32, 100 P.3d at 1237; *Crozier v. State*, 723 P.2d 42, 49 (Wyo. 1986). We have referred to this as the "course of conduct" purpose. *Crozier*, 723 P.2d at 49. Other jurisdictions applying this concept have called it the "same transaction" purpose or the "complete story" purpose. *Id.*

*Leyva v. State*, 2007 WY 136, ¶ 28, 165 P.3d 446, 454 (Wyo. 2007).

[¶14] Appellant further contends the district court erred in allowing testimony that his parole had been revoked. Two witnesses testified that Appellant confessed to having sexual relations with I.E. Those witnesses were incarcerated with Appellant after the revocation of his parole. The reference to the revocation of Appellant's parole explains how these inmates had the opportunity to hear Appellant's confession prior to his trial. This, too, constitutes course of conduct evidence. However, merely labeling evidence course of conduct does not except it from the *Gleason* W.R.E. 404(b) analysis. *Reay v. State*, 2008 WY 13, 176 P.3d 647 (Wyo. 2008). Accordingly, this Court will analyze the trial court's ruling under the standard set forth below:

6

We have said that a district court must consider four criteria in applying W.R.E. 404(b) to uncharged misconduct evidence: (1) Is the evidence offered for a proper purpose? (2) Is the evidence relevant? (3) Is the probative value of the evidence substantially outweighed by its potential for unfair prejudice? (4) Upon request, should the jury be given a limiting instruction? *Blakeman v. State*, 2004 WY 139, ¶ 31, 100 P.3d 1229, 1237 (Wyo. 2004) (citing *Howard*, 2002 WY 40, ¶ 17, 42 P.3d at 488, and *Huddleston v. United States*, 485 U.S. 681, 691, 108 S.Ct. 1496, 1502, 99 L.Ed.2d 771 (1988)). No request for a limiting instruction was made, so we will review the district court's application of the first three criteria. If the district court applied these criteria and had a legitimate basis for its ruling, we will uphold the decision. *Gleason v. State*, 2002 WY 161, ¶ 20, 57 P.3d 332, 341 (Wyo. 2002).

*Leyva*, ¶ 26, 165 P.3d at 454.

[¶15] Evidence of Appellant's parole status, the condition prohibiting contact with minors, the administrative parole sanctions, and subsequent revocation of Appellant's parole was relevant to the jury's understanding of how the case and investigation unfolded. Simply informing the jury that Mr. Bauer visited Appellant's residence would not explain the legitimate purpose for which Mr. Bauer inquired as to I.E.'s age or why the parole agent investigated further. The district court held that Appellant's motive to lie about I.E.'s age could not be understood without understanding the potential for a parole violation. The court found the two were directly connected and illustrated motive, knowledge, and a guilty mind. In *Miller v. State*, 830 P.2d 419 (Wyo. 1992), this Court held that fabrication of false accounts in order to divert suspicion is indicative of guilt. Similarly, in the present case, testimony concerning Appellant's parole status and prohibition of association with minors was relevant to Appellant's motive for lying to his parole agent. Further, Appellant also testified he received parole violation sanctions as part of his defense.

[¶16] The transcript from the hearing illustrates the district court found the State was offering the challenged information for a proper purpose and that the evidence was relevant. The record provides a legitimate basis for the district court's conclusion. The transcript reflects a lengthy discussion at the hearing with respect to the probative value of the challenged evidence and the danger of unfair prejudice. Defense counsel agreed that some evidence of Appellant's parole status was unavoidable. A limiting instruction was not requested. Appellant does not assert, nor does the record indicate, that the State failed to disclose the challenged evidence as 404(b) evidence in an attempt to act in bad faith or surprise Appellant. The record reflects that the district court considered the

required *Gleason* criteria and had a legitimate basis for its conclusions.  Accordingly, we find no abuse of discretion in the district court's decision.

[¶17]   Affirmed.