2015 WY 68

**Thomas Lee MILLER, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. S–14–0243.

Supreme Court of Wyoming.

May 12, 2015.

Representing Appellant: Office of the State Public Defender: Diane M. Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; Kirk A. Morgan, Senior Assistant Appellate Counsel. Argument by Mr. Morgan.

Representing Appellee: Peter K. Michael, Attorney General; David L. Delicath, Deputy Attorney General; Jenny L. Craig, Senior Assistant Attorney General. Argument by Ms. Craig.

Before BURKE, C.J., and HILL, KITE, DAVIS, and FOX, JJ.

BURKE, Chief Justice.

[¶ 1] Appellant, Thomas Lee Miller, challenges his conviction of second-degree murder on the grounds that the jury was not properly instructed on the element of malice under our recent decision in *Wilkerson v. State*, 2014 WY 136, 336 P.3d 1188 (Wyo. 2014), which was issued after Appellant's conviction. Because we find Appellant was not prejudiced by the jury instruction defining the element of malice, we will affirm his conviction.

## ISSUE

[¶ 2] Appellant presents the following issue:

Did the district court err when it gave a jury instruction contrary to *Wilkerson v. State*, 2014 WY 136, 336 P.3d 1188 (Wyo. 2014)?

The State phrases the issue as follows:

In *Wilkerson v. State*, this Court reversed a second-degree murder conviction after it determined that the Wyoming Pattern Jury Instruction defining malice does not properly instruct the jury on that element. The district court provided the jury at Thomas Miller's trial with the same pat-

tern jury instruction; however, his trial occurred before *Wilkerson* was published. Did the district court commit plain error when it provided the jury with the instruction?

## FACTS

[¶ 3] On the evening of March 26, 2013, Appellant and his wife, the victim, got into an argument after Appellant returned to their home from a night of drinking with friends at a local bar. The victim's mother, Debra Boggs, was staying at the home and overheard Appellant and the victim arguing. The argument subsided and the victim went to bed in her daughter's bedroom. Appellant subsequently entered the bedroom and told the victim to get up. After the victim followed Appellant into the kitchen, Ms. Boggs overheard the victim ask Appellant what he was doing. Appellant then chased the victim out of the kitchen and out the front door of the home. As the victim was fleeing the home, Appellant shot at her seven times, hitting her in the neck, arm, hand, thigh, and chest. Appellant then returned inside, where he showed Ms. Boggs the gun and told her "You're next, you better run." Police and medical personnel subsequently arrived and, after unsuccessful attempts to resuscitate the victim, she was pronounced dead at the scene.

[¶ 4] The State charged Appellant with first-degree murder for killing his wife and with aggravated assault and battery for threatening Ms. Boggs. The case was tried before a jury in February 2014. The jury was given the following instruction, based upon Wyoming Criminal Pattern Jury Instruction 21.01D2 (2009), defining the malice element of the lesser-included offense of second-degree murder:

### INSTRUCTION NO. 14:

The term malice means that the acts constituting the offense charged were done intentionally, without legal justification or excuse or that the acts were done in such a manner as to indicate hatred, ill will, or hostility towards another.

"Maliciously" means acting in the state of mind in which an intentional act is done without legal justification or excuse. The term "maliciously" conveys the meaning of hatred, ill will, or hostility toward another.

Appellant did not object to the instruction. The jury ultimately found Appellant guilty of second-degree murder and aggravated assault and battery. The district court sentenced Appellant to 60 years to life for the murder conviction and 8 to 10 years for the aggravated assault and battery conviction, to be served consecutively. Appellant timely filed this appeal.

[¶ 5] Shortly after this appeal was docketed, we issued our decision in *Wilkerson v. State*, 2014 WY 136, 336 P.3d 1188 (Wyo. 2014). In *Wilkerson*, we held that the definition of malice set forth in W.Cr.P.J.I. 21.01D2 did not adequately describe the crime of second-degree murder. We held that the malice necessary to second-degree murder requires a person to act "recklessly under circumstances manifesting an extreme indifference to the value of human life" and without legal justification or excuse. *Id.*, ¶ 27, 336 P.3d at 1200.

## DISCUSSION

[¶ 6] Relying on our decision in *Wilkerson*, Appellant contends that Jury Instruction No. 14 did not sufficiently describe the crime of second-degree murder. Appellant asserts, and the State agrees, that because he did not object to the jury instruction in the proceedings before the district court, we should review the instruction for plain error. *Jones v. State*, 2011 WY 114, ¶ 10, 256 P.3d 527, 532 (Wyo.2011). To establish plain error, the appellant must prove (1) the record clearly reflects the alleged error; (2) the existence of a clear and unequivocal rule of law and that there was a clear and obvious transgression of that rule of law; and (3) the error adversely affected a substantial right resulting in material prejudice to him. *Rathbun v. State*, 2011 WY 116, ¶ 28, 257 P.3d 29, 38 (Wyo.2011). To establish material prejudice, an appellant "must show a reasonable probability that [he] would have received a more favorable verdict in the absence of the error." *Pendleton v. State*, 2008 WY 36, ¶ 11, 180 P.3d 212, 216 (Wyo. 2008).

[¶ 7] As indicated above, Jury Instruction No. 14, which was modeled after W.Cr.P.J.I. 21.01D2, was in accordance with Wyoming law at the time of Appellant's trial. Under our decision in *Wilkerson*, however, which was issued following Appellant's conviction, that instruction is no longer in accordance with Wyoming law. We have never addressed the issue of whether an alleged error in jury instructions is evaluated at the time of trial or while the appeal is pending. Both parties suggest, however, that we should follow the United States Supreme Court's decision in *Johnson v. United States*, 520 U.S. 461, 468, 117 S.Ct. 1544, 1549, 137 L.Ed.2d 718 (1997), which held that "where the law at the time of trial was settled and clearly contrary to the law at the time of appeal—it is enough that an error be 'plain' at the time of appellate consideration." Under the standard adopted in *Johnson*, the State concedes that the record clearly reflects the alleged error in the jury instruction and that the error resulted in violation of a clear and unequivocal rule of law. The State contends, however, that Appellant cannot demonstrate that the error resulted in material prejudice to him.

[¶ 8] For purposes of this appeal, we do not need to determine whether the rule set forth in *Johnson* should be adopted in Wyoming. Even assuming that the alleged error should be evaluated at the time of appellate consideration and that Appellant can establish that Jury Instruction No. 14 violated a clear and unequivocal rule of law, Appellant has not demonstrated that he was prejudiced by the instruction. Appellant has not shown a reasonable probability that he would have received a more favorable verdict had the jury been instructed, in accordance with *Wilkerson*. First, there is overwhelming evidence in this case that Appellant acted recklessly under circumstances manifesting an extreme indifference to the value of human life. The evidence showed that Appellant chased the victim out of their home and then shot at her seven times. With those seven shots, Appellant hit the victim in the neck, arm, hand, thigh, and, fatally, in the chest. He then went into the home and told the victim's mother that she was "next." These actions cannot be described as anything short

of extreme indifference to the value of human life. Second, there is no evidence in the record to suggest, and Appellant does not claim, that his actions were legally justified or excused. Ultimately, Appellant does not provide any argument to support the assertion that he was prejudiced by the jury instruction. In light of this failure, and in consideration of the evidence contained in the record, we conclude that Appellant has not shown that the instructional error resulted in material prejudice to him. Consequently, we find no plain error in the jury instructions.

[¶ 9] Affirmed.