# IN THE SUPREME COURT, STATE OF WYOMING

## 2015 WY 158

OCTOBER TERM, A.D. 2015

December 29, 2015

KILEY J. CECIL,

Appellant
(Defendant),

v.

S-15-0105

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Converse County*
*The Honorable John C. Brooks, Judge*

*Representing Appellant:*

Office of the State Public Defender: Diane M. Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; Eric M. Alden, Senior Assistant Appellate Counsel. Argument by Mr. Alden.

*Representing Appellee:*

Peter K. Michael, Attorney General; David L. Delicath, Deputy Attorney General; Jenny L. Craig, Senior Assistant Attorney General; Monica K. Houston, Student Intern. Argument by Ms. Houston.

*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**BURKE, Chief Justice.**

[¶1]   Appellant, Kiley J. Cecil, was convicted of aggravated assault and battery, simple assault, and strangulation of a household member.  He contends the jury was not properly instructed with respect to the crimes of aggravated assault and battery and simple assault. We affirm in part and reverse in part.

## *ISSUES*

[¶2]   Appellant presents two issues, which we restate as follows:

> 1.  Did the district court err in instructing the jury on the elements of aggravated assault and battery under Wyo. Stat. Ann. § 6-2-502(a)(i)?
>
> 2.  Did the district court err in instructing the jury to consider assault as a lesser included offense of aggravated assault and battery under Wyo. Stat. Ann. § 6-2-502(a)(iii)?

## *FACTS*

[¶3]   Appellant and the victim, Michelle DeVault, lived together in Douglas, Wyoming. On the night of April 4, 2014, Appellant arrived home from work and the victim noticed that he had been drinking.  Appellant began arguing with the victim and eventually became violent.  Appellant grabbed the victim by her hair and pushed her head into a wall.  The victim lost consciousness and when she regained awareness, she was lying in a bathtub and Appellant was holding a knife to her throat.  At that point, according to the victim, Appellant "stood up and started stomping on my face, on my jaw, and on my chest with his work boots."  Appellant then began strangling her.  The victim lost consciousness a second time and, when she woke up, Appellant was no longer in the room. The victim left the house, drove to a nearby bar, and then returned to the residence with friends.  When she returned, Appellant was outside the house holding a knife.  One of the victim's friends swatted the knife from Appellant's hands and punched him, knocking him to the ground.  Soon after, the police arrived in response to a call from neighbors regarding a confrontation involving a knife.

[¶4]   The State charged Appellant with one count of aggravated assault and battery under Wyo. Stat. Ann. § 6-2-502(a)(i) (LexisNexis 2013) for causing or attempting to cause serious bodily injury, and one count of aggravated assault and battery under Wyo. Stat. Ann. § 6-2-502(a)(iii) for threatening to use a drawn deadly weapon.  The statute provides, in pertinent part, as follows:

### § 6-2-502.  Aggravated assault and battery; penalty.

1

(a) A person is guilty of aggravated assault and battery if he:

(i) Causes or attempts to cause serious bodily injury to another intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;

. . .

(iii) Threatens to use a drawn deadly weapon on another unless reasonably necessary in defense of his person, property or abode or to prevent serious bodily injury to another[.]

The State also charged Appellant with one count of strangulation under Wyo. Stat. Ann. § 6-2-509(a)(i).[1]

[¶5]   The matter proceeded to a jury trial.  After the close of evidence, the jury was instructed as to the applicable law.  Those instructions included a recitation of the elements of the crimes charged.  The jury was further instructed that "attempt," as used in Wyo. Stat. Ann. § 6-2-502(a)(i), is defined as "an act which was a substantial step towards committing the crime charged in this case," and that "a substantial step means conduct which is strongly corroborative of the firmness of the defendant's intention to complete the commission of the crime."  At Appellant's request, the jury was also instructed that "The offense of Attempted Aggravated Assault and Battery for threatened

---

[1] Wyo. Stat. Ann. § 6-2-509 provides as follows:

**§ 6-2-509.  Strangulation of a household member; penalty.**

(a) A person is guilty of strangulation of a household member if he intentionally and knowingly or recklessly causes or attempts to cause bodily injury to a household member by impeding the normal breathing or circulation of blood by:

(i) Applying pressure on the throat or neck of the household member; or

(ii) Blocking the nose and mouth of the household member.

(b) Strangulation of a household member is a felony punishable by imprisonment for not more than five (5) years.

2

use of a drawn deadly weapon, with which the defendant is charged, also includes the lesser offense of Assault." Neither party objected to the instructions.

[¶6]    The jury found Appellant guilty of aggravated assault and battery under Wyo. Stat. Ann. § 6-2-502(a)(i). On the verdict form, the jury noted its determination that Appellant attempted to cause serious bodily injury intentionally and knowingly.[2]    The jury concluded that Appellant was not guilty of threatening to use a drawn deadly weapon under Wyo. Stat. Ann. § 6-2-502(a)(iii) but concluded that Appellant was guilty of the "lesser included offense" of simple assault. The jury also found Appellant guilty of strangulation of a household member under Wyo. Stat. Ann. § 6-2-509(a)(i).[3]

[¶7]    The district court sentenced Appellant to six to eight years for the aggravated assault conviction, six months for the assault conviction, and four to five years for the strangulation conviction. The court ordered the sentences to be served concurrently. This appeal followed.

## *DISCUSSION*

### Aggravated Assault and Battery

[¶8]    In his first issue, Appellant contends the district court erred in instructing the jury on the elements of aggravated assault and battery under Wyo. Stat. Ann. § 6-2-502(a)(i).

---

[2] The verdict form provides as follows:

**Subparts 1a, 1b, and 1c**

    1a.)    Was such attempted aggravated assault and battery done intentionally?

        YES___X___          NO_____

    1b.)    Was such attempted aggravated assault and battery done knowingly?

        YES___X___          NO_____

    1c.)    Was such attempted aggravated assault and battery done recklessly under circumstances which showed an extreme indifference to human life?

        YES_____         NO___X___

[3] Appellant does not challenge his strangulation conviction in this appeal.

3

The elements of the crime were set forth in Instruction No. 15:

> The elements of the crime of Attempted Aggravated Assault and Battery, as charged in Count I of this case are:
>
> 1. On or about the 4th day of April, 2014
> 2. In the County of Converse Wyoming
> 3. The Defendant, Kiley J. Cecil
> 4. Intentionally OR Knowingly OR Recklessly under circumstances which showed an extreme indifference to human life
> 5. Attempted to cause serious bodily injury, to Michelle Devault.

The jury was provided with a definition of "attempt" in Instruction No. 27:

> "Attempt" is defined as an act which was a substantial step towards committing the crime charged in this case.
>
> As used in this Instruction, a substantial step means conduct which is strongly corroborative of the firmness of the defendant's intention to complete the commission of the crime.

[¶9]     According to Appellant, the instructions should have stated that "attempt" requires, in addition to a substantial step towards the commission of the crime, an "intent to commit the crime" of aggravated assault and battery.  Appellant relies on the language of Wyo. Stat. Ann. § 6-1-301, Wyoming's general attempt statute.  That statute provides as follows:

> **§ 6-1-301.  Attempt; renunciation of criminal intention.**
>
> (a) A person is guilty of an attempt to commit a crime if:
>
> > (i) With the intent to commit the crime, he does any act which is a substantial step towards commission of the crime. A "substantial step" is conduct which is strongly corroborative of the firmness of the person's intention to complete the commission of the crime[.]

Based on this statute, Appellant claims that "attempt[ing] to cause serious bodily injury" under Wyo. Stat. Ann. § 6-2-502(a)(i) is a specific intent crime requiring proof that the defendant intended to commit the crime set forth in the statute.

4

[¶10]  Appellant did not object to the instructions at trial.  As a result, we review for plain error.  *Miller v. State*, 2015 WY 68, ¶ 6, 350 P.3d 264, 265 (Wyo. 2015).  To establish plain error, the appellant must prove (1) the record clearly reflects the alleged error; (2) the existence of a clear and unequivocal rule of law and that there was a clear and obvious transgression of that rule of law; and (3) the error adversely affected a substantial right resulting in material prejudice to him.  *Rathbun v. State*, 2011 WY 116, ¶ 28, 257 P.3d 29, 38 (Wyo. 2011).  To establish material prejudice, an appellant "must show a reasonable probability that [he] would have received a more favorable verdict in the absence of the error."  *Pendleton v. State*, 2008 WY 36, ¶ 11, 180 P.3d 212, 216 (Wyo. 2008).  Appellant has met the first prong of the plain error test because the incident alleged as error is clearly reflected in the jury instructions contained in the record.  We are unable to conclude, however, that Appellant has established a transgression of a clear and unequivocal rule of law.

[¶11]  We have previously addressed the elements of Wyoming's aggravated assault and battery statute in *Schafer v. State*, 2008 WY 149, 197 P.3d 1247 (Wyo. 2008), involving a threat to use a drawn deadly weapon under Wyo. Stat. Ann. § 6-2-502(a)(iii).  In that case, the defendant was convicted under Wyoming's general attempt statute, as applied through Wyoming's aggravated assault and battery statute.  On appeal, the defendant argued that "it is not possible to attempt to make an actual threat of physical injury while employing a deadly weapon – rather, until the threat is actually made, there is no crime."  *Id.*, ¶ 8, 197 P.3d at 1249.  We agreed.  We began our analysis by noting that specific statutes prevail over more general statutes:

> The ultimate question in this appeal is whether the Wyoming Legislature intended attempted aggravated assault to be a criminal offense. The answer to the question, in this Court's estimation, is that the Legislature did not so intend. The general attempt statute, Wyo. Stat. Ann. § 6-1-301 (LexisNexis 2007), is applicable to all crimes unless the specific criminal statute, in this case the aggravated assault and battery statute, also relates to attempts. This Court has generally described the reach of the general attempt statute as follows:
>
> > [T]he general attempt statute is operative when applied to statutes where the legislature has not already spoken; and where the legislature has enacted a special statute making the attempt a crime, the special statute will prevail. This construction gives effect to both statutes and a policy that ambiguity concerning the application of criminal statutes should be resolved in

5

favor of lenity.

*Schafer*, ¶ 12, 197 P.3d at 1250.  Ultimately, we concluded that the legislature did not intend for Wyo. Stat. Ann. § 6-1-301 to apply to the aggravated assault and battery statute:

> The intent of the Wyoming Legislature is manifest in its inclusion of "attempt" in subsection (a)(ii) and the omission of "attempt" from subsection (a)(iii). Given this specific language, we conclude the Wyoming Legislature did not intend for the general attempt statute to be applicable to the specific aggravated assault and battery statute. This is the only construction that can give effect to all the provisions of the statute, and ensure the manifest legislative intent is carried out. By overlaying the general attempt statute on the aggravated assault and battery statute, this Court would judicially establish a crime that the Wyoming Legislature never intended. *See generally In re James M.*, 9 Cal. 3d 517, 108 Cal. Rptr. 89, 510 P.2d 33 (Cal. 1973); Steven James Malamuth, Comment, *A Final Assault on Attempted Assaults*, 14 Santa Clara Lawyer 96 (1973).

*Schafer*, ¶ 15, 197 P.3d at 1250-51.  Accordingly, we reversed the appellant's conviction for attempted aggravated assault and battery.  *Id.*, ¶ 19, 197 P.3d at 1251.

[¶12]  Following our decision in *Schafer*, the legislature changed the language of Wyo. Stat. Ann. § 6-2-502(a)(i) from "causes serious bodily injury" to "causes *or attempts to cause* serious bodily injury."  As a result of this amendment, the legislature has specifically made an attempt to cause serious bodily injury a crime under Wyo. Stat. Ann. § 6-2-502(a)(i).  This amendment renders the general attempt statute, Wyo. Stat. Ann. § 6-1-301 (LexisNexis 2007), inapplicable to the specific crime charged in this case. *Schafer*, ¶ 12, 197 P.3d at 1250.

[¶13]  Although the general attempt statute is inapplicable here, it appears that the jury instruction defining attempt was derived from that statute.  Appellant contends that the jury instruction was incomplete because it failed to instruct the jury that an attempt must include the "intent to commit the crime" as set forth in Wyo. Stat. Ann. § 6-1-301.  We disagree.

[¶14]  District courts have substantial latitude to tailor jury instructions to the facts of the case.  *Adekale v. State*, 2015 WY 30, ¶ 37, 344 P.3d 761, 770 (Wyo. 2015).  "A trial court does not abuse its discretion by referring the jury to instructions that, when viewed as a whole and in the context of the entire trial, fairly and adequately cover the

6

issues." *Budder v. State*, 2010 WY 123, ¶ 7, 238 P.3d 575, 577 (Wyo. 2010). As long as the instructions correctly state the law and cover the relevant issues, there is no reversible error. *Adekale*, ¶ 37, 344 P.3d at 770. We have previously recognized that "[a] court need not give an instruction defining a term unless it has a technical legal meaning so different from its ordinary meaning that the jury, without further explanation, would misunderstand its import in relation to the factual circumstances." *Butz v. State*, 2007 WY 152, ¶ 19, 167 P.3d 650, 655 (Wyo. 2007). Because the technical legal meaning of "attempt" as set forth in Wyo. Stat. Ann. § 6-1-301 is not applicable to Wyo. Stat. Ann. § 6-2-502(a)(i), it was not necessary for the court to give an instruction defining the term. Nonetheless, the instruction provided by the court was not inconsistent with the ordinary meaning of the word "attempt," which is "to make an effort to do, accomplish" something. *Webster's Third New International Dictionary* 140 (2002). In accordance with the elements of the crime as set forth by the legislature, the jury was instructed that the crime of aggravated assault and battery requires an intentional, knowing, or reckless attempt to cause serious bodily injury. As part of its verdict in this case, the jury determined that Appellant intentionally and knowingly attempted to cause serious bodily injury. The jury instructions fairly and adequately covered the relevant issues and correctly stated the law. Accordingly, we find no transgression of a clear and unequivocal rule of law. Appellant has failed to establish plain error.

### Simple Assault

[¶15] In his second issue, Appellant contends the jury was improperly instructed that simple assault, as set forth in Wyo. Stat. Ann. § 6-2-501(a), is a lesser included offense of aggravated assault and battery under Wyo. Stat. Ann. § 6-2-502(a)(iii). He claims that his right to due process of law was violated as a result of the instructional error. Appellant also contends the instruction violated his right to be free from double jeopardy because "there is a serious likelihood of jury confusion as to the act which might have constituted the alleged lesser offense."

[¶16] The State concedes that assault is not a lesser included offense of aggravated assault and battery under Wyo. Stat. Ann. § 6-2-502(a)(iii). It claims, however, that Appellant waived his right to appeal this issue under the doctrine of invited error because Appellant requested the jury instruction at issue. The State also asserts that the error was not prejudicial because "Simple assault is still a lesser crime than aggravated assault and battery, and defense counsel's strategy of having the jury convict Cecil of a less serious offense was successful." The State does not respond to Appellant's argument that the instruction violated his double jeopardy rights.

[¶17] The determination of whether an offense is a lesser included offense of a charged crime is a question of law that we review *de novo*. *State v. Keffer*, 860 P.2d 1118, 1137 (Wyo. 1993). We agree with the parties that assault is not a lesser included offense of aggravated assault and battery under Wyo. Stat. Ann. § 6-2-502(a)(iii). We apply the test

set forth in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932): "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Stating the test another way, a crime is a lesser included offense "if its elements are a subset" of the elements of the greater offense. *Bowlsby v. State*, 2013 WY 72, ¶ 9, 302 P.3d 913, 916 (Wyo. 2013).

[¶18] Appellant was convicted of simple assault under Wyo. Stat. Ann. § 6-2-501, which provides as follows:

> **§ 6-2-501. Simple assault; battery; penalties.**
>
> (a) A person is guilty of simple assault if, having the present ability to do so, he unlawfully attempts to cause bodily injury to another.

The jury was instructed that assault is a lesser included offense of aggravated assault and battery under Wyo. Stat. Ann. § 6-2-502(a)(iii), which states:

> **§ 6-2-502. Aggravated assault and battery; penalty.**
>
> (a) A person is guilty of aggravated assault and battery if he:
>
> . . .
>
> > (iii) Threatens to use a drawn deadly weapon on another unless reasonably necessary in defense of his person, property or abode or to prevent serious bodily injury to another[.]

The elements of a crime — the facts requiring proof under the *Blockburger* test — are derived from the statute defining that crime. *Bowlsby*, ¶ 10, 302 P.3d at 917. As is plainly apparent from the language of the statutes, assault does not require a threat to use a drawn deadly weapon and aggravated assault and battery does not require an attempt to cause bodily injury to another. Accordingly, assault is not a lesser included offense of aggravated assault and battery under Wyo. Stat. Ann. § 6-2-502(a)(iii).

[¶19] We turn, then, to the question of whether Appellant is prohibited from raising this issue under the doctrine of invited error. We have stated that "As applied to jury instructions, the invited error doctrine provides that use of an instruction proposed by the appellant may not be grounds for reversal unless such was 'necessarily prejudicial.'" *Butcher v. State*, 2005 WY 146, ¶ 29, 123 P.3d 543, 552 (Wyo. 2005). In the present

8

case, Appellant was found guilty of attempt to cause serious bodily injury, under Wyo. Stat. Ann. § 6-2-502(a)(i), and attempt to cause bodily injury, as defined in Wyo. Stat. Ann. § 6-2-501. However, the jury apparently rejected the State's claim that Appellant had threatened to use a drawn deadly weapon under Wyo. Stat. Ann. § 6-2-502(a)(iii). As we have previously noted, the double jeopardy clause prohibits multiple punishments for the same offense. Based on the record before us, it is not possible to conclude that the jury based its simple assault verdict on actions different than those that contributed to the aggravated assault verdict. Additionally, the Wyoming Constitution prohibits a person from being convicted of a crime not charged. *Craney v. State*, 798 P.2d 1202, 1206 (Wyo. 1990) (citing Wyo. Const. art. 1, § 10). A defendant is materially prejudiced when there is no notice of the charges to be defended against. *Craney*, 798 P.2d at 1206. In this case, Appellant was charged with aggravated assault and battery under Wyo. Stat. Ann. § 6-2-502(a)(iii) but was convicted of the uncharged crime of simple assault. Accordingly, we find that the instruction was necessarily prejudicial to Appellant. As a result, we reverse Appellant's simple assault conviction.

## *CONCLUSION*

[¶20] Appellant's conviction and sentence for aggravated assault and battery under Wyo. Stat. Ann. § 6-2-502(a)(i) is affirmed. We reverse Appellant's assault conviction and remand to the district court for entry of an order vacating that conviction and sentence.