# IN THE SUPREME COURT, STATE OF WYOMING

# 2023 WY 89

**APRIL TERM, A.D. 2023**

**September 8, 2023**

SHAWN KENNETH HAMILTON,

Appellant
(Defendant),

v.

S-23-0068

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Natrona County*
*The Honorable Daniel L. Forgey, Judge*

*Representing Appellant:*

*Office of the State Public Defender: Diane Lozano, Wyoming State Public Defender; Kirk A. Morgan, Chief Appellate Counsel; Robin S. Cooper, Senior Assistant Appellate Counsel.*

*Representing Appellee:*

*Bridget Hill, Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; Darrell D. Jackson, Faculty Director Prosecution Assistance Program; Kaylee A. Sims, Student Director Prosecution Assistance Program.*

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**FOX, Chief Justice.**

[¶1]     Shawn Kenneth Hamilton was convicted of five counts of sexual assault and sexual abuse of a minor involving two victims. After this Court affirmed his conviction, Mr. Hamilton filed a petition under the Post-Conviction Determination of Factual Innocence Act alleging he was factually innocent of three convictions involving victim JP because JP recanted her trial testimony. The district court heard the petition on the merits and denied it. Mr. Hamilton appeals and we affirm.

## *ISSUE*

[¶2]     Did the district court clearly err by denying Mr. Hamilton's Factual Innocence Petition?

## *FACTS*

[¶3]     In 2016, Mr. Hamilton was convicted of five counts of sexual assault and sexual abuse of a minor; three of the sexual abuse of a minor counts stemmed from incidents involving victim JP, who was between five and six years old at the time of abuse. *Hamilton v. State*, 2017 WY 72, ¶¶ 4-6, 396 P.3d 1009, 1011 (Wyo. 2017). In 2021, JP told law enforcement she lied in her trial testimony regarding Mr. Hamilton's sexual abuse. Mr. Hamilton petitioned the district court asserting he was factually innocent based on JP's recantation. He stated under oath that he would offer more than recantation evidence to support his petition. The district court granted Mr. Hamilton a hearing and he called JP as his only witness. JP testified that in 2021 she told law enforcement, not under oath, that she lied in her 2016 trial testimony against Mr. Hamilton. She further testified, however, that she recanted while she "was in a psychosis and . . . wasn't in [her] right mind" and her 2016 trial testimony was in fact accurate. On cross-examination JP stated that she was not suffering from mental health issues at the time of her original testimony or at the time of the hearing but was in the midst of a mental health crisis when she recanted her original testimony in 2021.

[¶4]     The district court made an oral ruling and found Mr. Hamilton did not offer clear and convincing evidence of his innocence. The court stated that recantation evidence should be viewed with the utmost suspicion; in this case JP's recantation while not under oath and in the midst of a mental health crisis was unreliable compared to her trial testimony and her hearing testimony, both under oath. The court denied Mr. Hamilton's petition on the merits. He appeals.

## *STANDARD OF REVIEW*

[¶5]     We have yet to address a factual innocence petition appeal on the merits; therefore, we must first establish the correct standard of review. *See, e.g.*, *Goetzel v. State*, 2019 WY

27, ¶ 8, 435 P.3d 865, 868 (Wyo. 2019); *Uden v. State*, 2020 WY 109, ¶¶ 17-18, 470 P.3d 560, 564 (Wyo. 2020) (holding that a Factual Innocence Act Petition dismissed without prejudice was not a final appealable order); *Woods v. State*, 2020 WY 118, ¶ 7, 471 P.3d 997, 999 (Wyo. 2020). When the district court reviews a Factual Innocence Petition on the merits, it acts as the factfinder; we therefore review its factual findings for clear error. *Matter of J. Kent Kinniburgh Revocable Tr.*, 2023 WY 56, ¶ 21, 530 P.3d 579, 586 (Wyo. 2023); *Aimone v. Aimone*, 2023 WY 43, ¶ 19, 529 P.3d 35, 41 (Wyo. 2023), *rehearing denied*. This is consistent with other states' review of factual innocence petitions. *See, e.g.*, *Brown v. State*, 2013 UT 42, ¶ 37, 308 P.3d 486, 493 (Utah 2013); *Carver v. State*, 284 A.3d 346, 355 (Md. 2022); *Rippo v. State*, 423 P.3d 1084, 1092-93 (Nev. 2018) *amended on denial of rehearing*. Legal conclusions are reviewed de novo. *Tarpey v. State*, 2023 WY 14, ¶ 54, 523 P.3d 916, 932 (Wyo. 2023) (quoting *Buckingham v. State*, 2022 WY 99, ¶ 26, 515 P.3d 615, 619 (Wyo. 2022)).

## *DISCUSSION*

[¶6]    Mr. Hamilton argues that the district court clearly erred by denying his Factual Innocence Petition. He argues JP's recantation called into question her credibility and he should have been exonerated or granted a new trial.[1]

[¶7]    Under Wyoming's Factual Innocence Act, Mr. Hamilton was required to prove by clear and convincing evidence he "[d]id not engage in the conduct for which he was convicted[.]" Wyo. Stat. Ann. § 7-12-402(a)(ii)(A); § 7-12-404(p) (2021). The statute required Mr. Hamilton to assert under oath that his petition met five criteria before being granted a hearing:

> (i)    Newly discovered evidence exists that, if credible, establishes a bona fide issue of factual innocence;
> (ii)   The specific evidence identified by the petitioner establishes innocence and is material to the case and the determination of factual innocence;
> (iii)  The material evidence identified by the petitioner is not merely cumulative of evidence that was known, ***is not reliant solely upon recantation of testimony by a witness against the petitioner and is not merely impeachment evidence***;
> (iv)   When viewed with all other evidence in the case, whether admitted during trial or not, the newly discovered evidence demonstrates that the petitioner is factually innocent; and
> (v)    Newly discovered evidence claimed in the petition is distinguishable from any claims made in prior petitions.

---

[1] An order of factual innocence and exoneration, not a new trial, is the only available remedy under Wyo. Stat. Ann. § 7-12-404(o) and (p) (2021).

Wyo. Stat. Ann. § 7-12-403(b) (emphasis added). The statute states a "'[b]ona fide issue of factual innocence' means that the newly discovered evidence presented by the petitioner, if credible, would clearly establish the petitioner's factual innocence[.]" Wyo. Stat. Ann. § 7-12-402(a)(i). Additionally, if the petition does not satisfy the requirements of subsection (b), the district court must dismiss the petition without prejudice. Wyo. Stat. Ann. § 7-12-403(c).

[¶8]   Mr. Hamilton's petition asserted his claim met all five requirements under subsection (b); however, at the hearing, Mr. Hamilton's evidence consisted only of one victim temporarily recanting her testimony, which he attempted to use to impeach JP's credibility. This directly violates the statute above which requires the petition to be based on more than recantation and impeachment evidence. Nevertheless, the district court heard Mr. Hamilton's case on the merits. Wyo. Stat. Ann. § 7-12-403(b)(iii). After hearing evidence, it denied Mr. Hamilton's petition.

[¶9]   We agree with the district court. "[R]ecanted testimony should be viewed with the utmost suspicion . . . '[t]here is no form of proof so unreliable as recanting testimony.'" *Lindstrom v. State*, 2016 WY 33, ¶ 10, 368 P.3d 896, 899 (Wyo. 2016) (quoting *Davis v. State*, 2005 WY 93, ¶ 45, 117 P.3d 454, 471 (Wyo. 2005)). In the context of a motion for a new trial, we have stated "the weight to be given [to recanted] testimony is for the trial judge . . . to determine. . . . [A]nd when a motion for a new trial, based upon recantation, is denied by the trial court, this [C]ourt will ordinarily be bound by that decision." *Garza v. State*, 2010 WY 64, ¶ 11, 231 P.3d 884, 889 (Wyo. 2010) (quoting *Davis*, 2005 WY 93, ¶ 45, 117 P.3d at 471). The rule applies in this context. The district court found JP's recanted testimony, which occurred while suffering from a mental health crisis and not under oath, was not credible compared to her trial testimony and her hearing testimony, which were both under oath. The finding led to the district court's conclusion that Mr. Hamilton did not present clear and convincing evidence of his innocence. Mr. Hamilton presents no evidence or argument showing the district court's credibility determination was clearly erroneous and its ultimate conclusion was in error. We see no basis to disturb the district court's ruling.

[¶10]  Affirm.